OPINION
{¶ 1} This is an appeal from a conviction of one count of importuning, one count of public indecency, one count of sexual imposition, one count of kidnapping, 48 counts of illegal use of a minor in nudity-oriented material, two counts of attempted illegal use of a minor in nudity-oriented material, and four counts of pandering sexually-oriented material involving a minor.
 {¶ 2} On June 25, 2002, S.S., a 15-year old girl, was approached by a white male in his mid-fifties in a red Ford pickup truck who appeared to be looking for directions. As she approached the vehicle, she saw the man had his hands in his pants and told her that he was looking for a girl about her size to perform oral sex. S.S. reported the incident to the Urbana Police Department.
 {¶ 3} K.C. was 11-years old when a white male in his mid-fifties driving a blue Honda automobile approached her and asked her for directions to the high school. She hesitated, remembering that she had just seen him leave the school, and noticed him rubbing his genitalia with one hand outside of his pants. K.C. reported the incident to the Urbana Police Department.
 {¶ 4} On January 13, 2004 J.G., a 16-year old foster child accepted a ride from a white male in his mid-fifties driving a blue Honda automobile. During that ride, the male refused to take her home as promised. Instead, he reached under her shirt and began rubbing his hands on her breast and groin area. He refused to allow her to leave and prevented several attempts to escape by holding her arm. She eventually did escape, called 911 and relayed her story, as well as a partial license plate number, to Officer Brian Cordial of the Urbana Police Department.
 {¶ 5} Officer Chris Snyder took J.G.'s 911 call at the dispatch center. Her description of the male and his vehicle reminded him of the incidents that occurred to S.S. and K.C. He ran a check of the license number through LEADS and identified the owner as Richard Eash, the defendant here. Further investigation revealed he was the owner of a red Ford pickup truck as well.
 {¶ 6} Based on the victims' statements and subsequent photo identifications of the Defendant, police secured a search warrant to seize various items including his personal computer from his home. Analysis of the computer's hard drive revealed several internet searches for, and 56 pictures of, nude pre-teen girls.
 {¶ 7} A grand jury indicted the Defendant on one count each of Importuning, Kidnaping, and Sexual Imposition and two counts of Public Indecency on January 16, 2002. A second Bill of Information charged 55 counts of illegal use of a minor in nudity-oriented material, four counts of pandering sexually oriented material involving a minor, and two counts of attempted illegal use of a minor in nudity-oriented material. The defendant waived grand jury indictment for the second bill.
 {¶ 8} Trial commenced on June 23, 2004 but resulted in a mistrial due to the nonappearance of a juror on the second day. However, J.G. testified extensively about the January 13 incident on both direct and cross-examination during the first day of trial.
 {¶ 9} The second trial commenced on July 14. J.G. failed to appear at the courthouse at the time designated for her testimony. Over Defendant's objection, the court ruled her unavailable and allowed her prior testimony to be read to the jury under Evid.R. 804(B)(1). A jury convicted the defendant of 55 counts, including kidnaping, sexual imposition, and illegal use of a minor in nudity-oriented material. The court found the Defendant to be a sexual offender pursuant to R.C. 2950.09. The court imposed a sentence of 89 months confinement and a $1,000 fine. Defendant filed a timely appeal.
APPELLANT'S FOURTH ASSIGNMENT OF ERROR
 {¶ 10} "The trial court erred by permitting the state to use the evidence obtained from the search warrant issued in the case even though the affidavit in the search warrant was insufficient to establish probable cause for many of the items seized."
 {¶ 11} We take Defendant's fourth assignment of error first. Crim.R. 41(C) states: "A warrant shall issue . . . only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant." The search warrant here ordered officers to seize "Any computers, central processing units, all data drives, hard drives, floppy drives, tape drives, digital audio tape drives, and/or any other internal or external storage devices as magnetic tapes and/or desks. Any information contained within all seized computers, hardware and software to be examined for child pornography and/or child erotica."
 {¶ 12} Defendant argues that affidavit supporting the search warrant is based only on the conduct of a suspect in a vehicle and makes no references to any activities surrounding pornography, videos, or the computer. As a result there were no grounds for issuing a warrant for the seizure of his personal computer under Crim.R. 41 and the trial court erred by admitting photographs and records of internet searches taken from it as evidence. Having reviewed the search warrant and the underlying affidavit, we agree with Defendant's conclusion.
 {¶ 13} Probable cause to issue a search warrant requires substantial evidence that items sought are connected with a crime and located at the place to be searched. Brinegar v. U.S. (1949), 338 U.S. 160, 69 S.Ct. 1302. "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the task of the magistrate is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus. In making a probable cause determination, a magistrate can rely on inferences drawn by someone well versed in law enforcement. U.S. v. Cortez (1981), 449 U.S. 411, 101 S.Ct. 690.
 {¶ 14} When reviewing a magistrate's probable cause determination, this court's task is to determine whether the affidavit demonstrates a substantial basis for the issuing magistrate to have found a fair probability of the contraband being located in the suspect's home. The State concedes that the affidavit fails to expressly identify the causal connection between the suspect's activities in his vehicle with the contents of Defendant's home computer on the face of the warrant.
 {¶ 15} Officer Cordial testified at trial that he included the computer based on his personal experience in law enforcement, his exposure to a recent case where the Urbana Police Department seized a suspect's computer after an interview with a sexually abused child which led to further evidence, and his consultation with Officer Steve Molton. Officer Molton, for his part, testified to his extensive experience as a member of the Child Abuse Response Team for four years and training to look to various items of property, including a computer, that a suspect might use to hide incriminating evidence. None of this made its way into the affidavit.
 {¶ 16} We find that the State's failure to include the causal link to Defendant's personal computer was fatal in error. The State concedes this point but argues that given the background to Officer Cordial's decision to include the computer in the search warrant this is only a technical error in his drafting of the affidavit. Technical errors, including typographical errors, are not constitutional violations and will not result in exclusion. State v. Wilmoth (1986), 22 Ohio St.3d 251.
 {¶ 17} We must show great deference to the magistrate's determinations. Cortez, supra., paragraph two of the syllabus. However, we have held that a probable cause determination must be limited to the four corners of the underlying affidavit. State v. Klosterman (1996),114 Ohio App.3d 327, 332. Our review of the affidavit signed by Officer Cordial shows that while he does identify the Defendant's computer as property to be seized, he fails to provide any causal connection between the suspect's conduct and the Defendant's property.
 {¶ 18} Furthermore, the State's argument that the police acted in good faith reliance does not carry the day. The Good Faith exception, allowing a search and seizure without probable cause, is available when police officers act in good faith that a magistrate's probable cause determination is correct. U.S. v. Peltier (1975), 422 U.S. 531,95 S.Ct. 2313. However, that exception is not available when the underlying affidavit provided by the police lacks probable cause itself. See U.S. v. Leon (1984), 468 US 897, 915, 104 S.Ct. 3405.
 {¶ 19} The State argues that under the totality of the circumstances, the summation of the affidavit plus the training and experience of Officers Cordial and Molton, the search warrant is supported by probable cause and the officers acted in good faith reliance upon it. While this may be the case, we have specifically held that facts outside the four-corners of the affidavit, particularly a police officer's personal knowledge, may not be factored when determining whether the officer's good faith reliance was objectively reasonable. Klosterman, supra.
 {¶ 20} We find that the failure to outline the connection between the suspect's conduct and the Defendant's computer is not a mere technical error as the State asserts. The State must be able to point to something in the affidavit to show probable cause for seizing a particular item. The police failed to do so here.
 {¶ 21} The beneficiary of a federal constitutional error must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained in order for the error to be harmless. Chapmanv. California (1967), 386 U.S. 18, 87 S.Ct. 824. The admission of evidence obtained in violation of the defendant's constitutional rights is considered prejudicial if there is any reasonable possibility that it contributed to the conviction. State v. Cowans (1967), 10 Ohio St.2d 96.
 {¶ 22} All of the charges, including kidnaping under R.C. 2905.01(A)(4), tried in this case are sexually-oriented. The pictures seized from the Defendant's computer are graphic. Most show pre-teen girls nude and some show them engaged in sexual intercourse. The likelihood of prejudice to the Defendant of dozens of pictures of pre-teen pornography at a trial for sexually-oriented offenses is exceptionally high.
 {¶ 23} To be deemed nonprejudicial, error of constitutional dimension must be harmless beyond reasonable doubt. Chapman, supra. The admission of evidence is harmless beyond a reasonable doubt if the remaining evidence alone comprises "overwhelming" proof of Defendant's guilt.Harrington v. California (1969), 395 U.S. 250, 89 S.Ct. 1726, 254. Although the state did provide additional testimony from Agent Jim Hawke as to the content of the pictures found on the computer it hardly constitutes the "overwhelming proof" necessary to find the admission of the pictures into evidence harmless. As a result, we cannot say that there is no reasonable possibility that the pictures did not contribute to the Defendant's conviction on each count. Cowan, supra. The judgment of the trial court will be reversed. App.R. 12(B).
 {¶ 24} The fourth assignment of error is sustained.
APPELLANT'S FIRST ASSIGNMENT OF ERROR
 {¶ 25} "The trial court erred by permitting the state to read the victim's testimony from the prior trial into the record in violation of the confrontation clause, and evidence rule 804." appellant's second assignment of error
 {¶ 26} "The trial court erred by permitting the state to introduce evidence that appellant did not speak to the police, in violation of appellant's right to remain silent."
APPELLANT'S THIRD ASSIGNMENT OF ERROR
 {¶ 27} "The jury's verdicts in the case at bar were against the manifest weight of the evidence."
CROSS-APPELLANT'S CROSS ASSIGNMENT OF ERROR
 {¶ 28} "THE COURT ERRED BY NOT FINDING RICHARD EASH TO BE A SEXUAL PREDATOR."
 {¶ 29} Having reversed the conviction on all counts in Appellant's Fourth Assignment of Error, all other assignments of error are moot and require no further discussion. App.R. 12(A)(1)(c).
 {¶ 30} The fourth assignment of error is sustained. Judgment against the Defendant will be reversed and the case remanded to the trial court for further proceedings consistent with this opinion.
Wolff, J. And Donovan, J., concur.