DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Lenar Brown, appeals his conviction and sentence as imposed by the Summit County Court of Common Pleas after a jury found him guilty of trafficking in cocaine, possessing criminal tools, having weapons while under disability, possession of cocaine, possession of marijuana, and open container. We affirm in part, reverse in part and remand for re-sentencing.
 {¶ 2} Defendant was indicted on September 30, 2004, for trafficking in cocaine under R.C. 2925.03(A)(2) with a major drug offender specification pursuant to R.C. 2941.1410; possessing criminal tools under R.C. 2923.24, having weapons while under disability in violation of R.C. 2923.13(A)(2)/(A)(3), possession of cocaine, in violation of R.C. 2925.11(A), possession of marijuana under R.C. 2925.11(A), and open container under R.C.4301.62. In a supplemental indictment, Defendant was charged with a major drug offender specification with regards to count four of the indictment, Possession of Cocaine.
 {¶ 3} Defendant entered a plea of not guilty and the case was set to proceed to a trial by jury. Defendant thereafter filed a motion to suppress, alleging that the evidence obtained was as a result of an illegal search and seizure because the search warrant issued was not supported by probable case. The trial court held a suppression hearing on Defendant's motion. On March 21, 2005, it issued findings of fact and conclusions of law affirming the State's position that the search warrant was supported by sufficient probable cause, and overruled Defendant's motion.
 {¶ 4} On June 2, 2005, a jury trial commenced, and Defendant was found guilty on all counts of the indictment, including the major drug offender specifications to counts 1 and 4 of the indictment. On June 8, 2005, the trial court held a sentencing hearing and sentenced Defendant to a total of 15 years in prison. Defendant now appeals, asserting seven assignments of error for our consideration. To facilitate ease of discussion, some of Defendant's assignments of error will be discussed together and out of order.
 ASSIGNMENT OF ERROR I
"The trial court erred when it failed to grant [Defendant's] motion to suppress evidence regarding issues related to the initial vehicle stop."
 ASSIGNMENT OF ERROR VI
"Defendant was denied due process of law when the court authorized a nighttime search."
 {¶ 5} In his first assignment of error, Defendant argues that the trial court erred when it overruled his motion to suppress evidence related to the initial vehicle stop. Defendant maintains that the police officers did not have probable cause to stop the vehicle, and thus the search warrant based upon information gleaned from that stop was improper. Defendant further argues that the evidence gathered from the warrant should therefore have been suppressed pursuant to his motion. In his sixth assignment of error, Defendant asserts that he was denied due process of the law when the court authorized a nighttime search. We find that Defendant waived his right to raise these issues on appeal.
 {¶ 6} In State v. Shindler (1994), 70 Ohio St.3d 54, the Ohio Supreme Court established minimum standards which a defendant must comply with when filing a motion to suppress evidence. The Shindler Court held that a defendant's motion to suppress "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." Id. at syllabus. The Court reasoned that "[b]y requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." Id. at 58; see, also, Xeniav. Wallace (1988), 37 Ohio St.3d 216, 218. See, also, Crim.R. 47. "Failure on the part of the defendant to adequately raise the basis of his challenge [on a motion to suppress] constitutes a waiver of that issue on appeal." Xenia, 37 Ohio St.3d at 218.
 {¶ 7} In this case, Defendant did not raise in his motion to suppress the issues that he now assigns as error. As Defendant did not bring the issues below, we find that he has waived his right to do so on appeal. While Defendant presented a number of issues in his initial motion to suppress and his supplemental motion, he did not assert an objection either to the vehicle stop or to the nighttime search. Based on the above case law, we find that Defendant waived his right to assert his objections on appeal. See Shindler, 70 Ohio St.3d 54; Xenia,37 Ohio St.3d 216; Crim.R. 47.
 {¶ 8} Defendant's first and sixth assignments of error are overruled.
 ASSIGNMENT OF ERROR II
"The guilty verdicts on counts 1 and 4 of the indictment only constitute a finding of guilty on the least degree of the offenses charged."
 {¶ 9} In his second assignment of error, Defendant argues that the jury's verdicts for Counts 1 and 4 of the indictment (trafficking in cocaine and possession of cocaine, respectively) were ambiguous because they indicate that the crack cocaine was in an amount equal to, or in excess of, 100 grams, and was also in an amount less than five grams. We overrule Defendant's assignment of error, finding that the two references to the weight of the cocaine were for two separate instances.
 {¶ 10} Defendant was indicted, and pled not guilty, for trafficking in cocaine in an amount that equals or exceeds 100 grams (Count 1), and for possession of cocaine in an amount that equals or exceeds 100 grams in weight (Count 4). Counts 1 and 4 were first degree felonies pertaining to a bag of crack cocaine found in the trunk of Defendant's car. Defendant asserted that he was not guilty of the aforementioned first degree felonies, but admitted that he was guilty of a lesser crime of possession of cocaine in an amount less than five grams, which was found inside of his house.
 {¶ 11} To accommodate Defendant's assertion that he was guilty only of the lesser offense, the parties agreed to have the judge give the jury two interrogatories to determine whether Defendant possessed the cocaine in the house and/or in the car. The verdict forms for Counts 1 and 4 stated as follows: "We, the jury, do further find that the crack cocaine ___ in an amount that equaled or exceeded 100 grams in weight. * * * We, the jury, do further find that the crack cocaine ___ in an amount that equals five grams or less." In the blank spaces, the jury was to fill out either "was" or "was not." When asked, Defense counsel specifically stated that he was satisfied with the jury instructions, and he did not object when the jury came back with its verdict, having filled out "was" in both blank spaces.
 {¶ 12} During closing argument, Defendant's counsel cleared up any alleged ambiguities in the verdict forms, instructing the jury as follows:
"I would like to comment on the verdict forms you are going to see.
"You are going to be asked two questions when you get around to the cocaine. Do you find that he possessed or trafficked in excess of 100 grams of cocaine, and that refers clearly to the trunk, or, secondly, do you find that he possessed less than 5 grams of cocaine.
"Because we have admitted to three instances of 0.01 grams found in the bedroom, found in the kitchen, and found in the basement inside the safe[.]"
 {¶ 13} The verdict forms refer to two separate instances of possession/trafficking of cocaine, one for the cocaine found in the trunk of Defendant's car, and the other for the cocaine found in Defendant's house. The jury found that Defendant possessed/trafficked over 100 grams of cocaine regarding the cocaine found in his car, and the jury further found that Defendant was also guilty of possessing/trafficking cocaine for the cocaine found in his house, which was less than 5 grams.
 {¶ 14} We disagree with Defendant's assertion that the guilty verdicts for Counts 1 and 4 constitute a finding of guilty on only the least degree of the offenses charged. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The evidence was insufficient to sustain the verdict and/or the verdict was against the manifest weight of the evidence."
 {¶ 15} In his third assignment of error, Defendant argues that the State failed to prove beyond a reasonable doubt the identity of the seized substance as cocaine, and thus the verdict against him was against the manifest weight of the evidence. We disagree.
 {¶ 16} We note that we may only reverse on a manifest weight claim in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. State v. Otten
(1986), 33 Ohio App.3d 339, 340. That being said, in the instant case, Defendant stipulated as to the reports that identified the cocaine, and thus, the evidence presented is not in his favor.
 {¶ 17} The parties stipulated to the BCI reports which indicated that the substance seized by the police was cocaine, and how much it weighed. The trial court accepted the stipulation, and read it to the jury without objection from Defendant. The trial court stated to the jury:
"[T]he court is going to read some stipulations or agreed to facts which you are required to accept as true. * * *
"[T]he parties have stipulated to the authenticity and accuracy of the laboratory report number L04-1181 and L04-1206, determining the presence of cocaine in the amounts of .01-.01 grams, .01 grams, .01 grams, and 365.02 grams."
 {¶ 18} "A stipulation is a voluntary agreement between opposing parties concerning the disposition of some relevant point so as to obviate the necessity for proof or to narrow the range of litigable issues." DeStephen v. Allstate Ins. Co.,
10th Dist. No. 01AP-1071, 2002-Ohio-2091, at ¶ 17, quotingHorner v. Whitta (Mar. 16, 1994), 3d Dist. No. 13-93-33. A stipulation of fact renders proof of that specific fact unnecessary; once a stipulation is entered into by the parties, filed with and accepted by the court, it is binding upon the parties and that fact is deemed adjudicated. Julian v. CreeksideHealth Ctr., 7th Dist. No. 03MA21, 2004-Ohio-3197, at ¶ 54.
 {¶ 19} As the parties stipulated to the BCI reports which indicated both the presence of cocaine and its weight, we find that further proof on behalf of the State was unnecessary. Consequently, we find Defendant's third assignment of error not well taken.
 ASSIGNMENT OF ERROR IV
"R.C. 2925.03(C)(4)(g) and R.C. 2929.14(D)(3)(b) are unconstitutional pursuant to Blakely v. Washington."
 {¶ 20} In his fourth assignment of error, Defendant argues that R.C. 2925.03(C)(4)(g) and R.C. 2929.14(D)(3)(b) are unconstitutional. In light of the Supreme Court's recent holding in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ("We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b)[.]" Id at ¶ 97) we agree that R.C. 2929.14(D)(3)(b) is unconstitutional, and we remand to the trial court for re-sentencing.[1] See, Id. at ¶ 103. Defendant's fourth assignment of error is affirmed.
 ASSIGNMENT OF ERROR V
"Defendant was denied due process of law when the court overruled the motion to suppress on issues relating to the search warrant."
 {¶ 21} In his fifth assignment of error, Defendant alleges that the trial court erred in overruling his motion to suppress on issues relating to the search warrant. Specifically, he maintains that the information provided in the affidavit, some of it from a confidential informant, did not establish probable cause for a warrant to issue. We disagree.
 {¶ 22} In State v. George, the Ohio Supreme Court clearly set forth the standard to be used in reviewing the sufficiency of probable cause in affidavits submitted in support of search warrants:
"In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo
determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply toensure that the magistrate had a substantial basis for concludingthat probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates (1983), 462 U.S. 213, followed.)" (Emphasis added.) State v. George (1989),45 Ohio St.3d 325, paragraph two of the syllabus. See, also, State v.Jordan, 101 Ohio St.3d 216, 2004-Ohio-783, at ¶ 38.
 {¶ 23} The question before us, therefore, is whether the proffered affidavit provided a substantial basis for the issuing judge's conclusion that probable cause existed. Notably, we are limited to reviewing the four corners of the underlying affidavit in determining the sufficiency of probable cause submitted in support of a search warrant. State v. Eash, 2d Dist. No. 03-CA-34, 2005-Ohio-3749, at ¶ 17, citing State v. Klosterman
(1996), 114 Ohio App.3d 327, 332.
 {¶ 24} Hence, we review the officer's affidavit, which stated in part:
"2. Affiant is aware that on September 21, 2004 Sergeant Jason Malick met with an information source at a pre-determined location. Said information source (I/S) provided Sergeant Malick with detailed information in regards to illegal drug trafficking. I/S stated that he had been in the presence of [Defendant] * * * at his residence * * * within the past four days. During this meeting at [Defendant's] residence, I/S stated they observed approx. twenty pounds of marijuana and one half kilogram of cocaine at the residence. I/S then directed Sergeant Malick to the residence where the said contraband was observed. Sergeant Malick then concluded the meeting with I/S.
"Affiant is aware that [on] the same day, September 21, 2004 Sergeant Malick conducted undercover surveillance at 975 Silvercrest Avenue as a result of the information provided to him. At approx. 1840 hours, Sergeant Malick observed one Cadillac Escalade [arrive at Defendant's residence.] The driver entered the residence. At approx. 1844 hours, Sergeant Malick observed two black males leave the residence in the Cadillac Escalade. Undercover detectives followed the vehicle as it traveled away from the area. Uniform detectives conducted an investigative stop on the vehicle at 1344 Manchester Road as a result of the information provided as well as the behavior displayed by the occupants of the vehicle, that being short term traffic at a suspected drug location. As uniform Detectives approached the vehicle, Detective Allan Jones observed the front seat passenger who was found to be [Defendant] remove a quantity of marijuana from his pocket and attempt to conceal it in the passenger side door panel. [Defendant] was subsequently removed from the vehicle and placed under arrest for violation without incident. During the interview following his arrest, [Defendant] stated that his vehicle was currently at [his] residence[.] He then provided detectives with the keys to the residence.
"Affiant is aware that [Defendant] has been arrested for Possession of Drugs on 3-12-02, 5-17-02, and Aggravated Drug Trafficking on 7-10-90, 4-26-90. Furthermore, affiant is aware that [Defendant] was arrested for Possession of Bulk Amount on 2-2-90.
"* * *
"4. Affiant states that the information source listed in the previous paragraphs of this affidavit has provided the affiant with information concerning the possession and sale of controlled substances in Akron, Summit County, Ohio area, which information has been corroborated by Detective Jason Malick #993. Further, the information source has displayed to specific knowledge as to the uses, effects and distribution patterns of controlled substances in the Akron, Summit County, Ohio area."
 {¶ 25} The above affidavit demonstrates that a known confidential informant who has assisted police in prior drug cases gave specific information regarding drugs in Defendant's house based on personal experience. This, along with the affiant officer's description of Defendant's arrest for possession of drugs on the same day as the warrant was issued, his prior criminal record for possession of drugs, trafficking in drugs and possession of bulk amount, creates a reasonable inference that drugs would be found within the residence.
 {¶ 26} Bearing in mind that we should "accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant," we find that an issuing judge confronted with the affidavit in question had a substantial basis for finding probable cause. George, 45 Ohio St.3d 325, at paragraph two of the syllabus, and at 330. Defendant's fifth assignment of error is without merit.
 ASSIGNMENT OF ERROR VII
"Defendant was denied due process of law and his rights under the Sixth and Fourteenth Amendment[s] when he was sentenced by the court as a major drug offender."
 {¶ 27} In his seventh and final assignment of error, Defendant maintains that his additional two-year prison term for being a major drug offender violated his rights against double jeopardy. In light of our ruling above, that R.C.2929.14(D)(3)(b) is unconstitutional, Defendant's argument regarding that sentence is moot and we decline to address it.
 {¶ 28} We overrule Defendant's first, second, third, fifth and sixth assignments of error, affirm his fourth assignment of error, and dismiss his seventh assignment of error as moot.
Judgment affirmed in part, reversed in part, and remanded for re-sentencing.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Moore, J. Concurs.
Carr, J. Concurs in judgment only
[1] Defendant did raise the issue of constitutionality below, unlike the defendant in State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309.