THE STATE OF OHIO, APPELLANT, *v.* EASH, APPELLEE.

[Cite as *State v. Eash*, 110 Ohio St.3d 1235, 2006-Ohio-3668.]

(No. 2005–1659—Submitted May 23, 2006—Decided August 2, 2006.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

MOYER, C.J., RESNICK, PFEIFER and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., dissent.

**O'CONNOR, J., dissenting.**

{¶ 2} I dissent from the majority's decision to dismiss this cause as having been improvidently accepted. The issue presented raises an important question of search-and-seizure jurisprudence and should be resolved on the merits.

{¶ 3} Richard Eash was convicted after a jury trial of one count of importuning, one count of public indecency, one count of sexual imposition, one count of kidnapping, 48 counts of illegal use of a minor in nudity-oriented material, two counts of attempted illegal use of a minor in nudity-oriented material, and four counts of pandering sexually oriented material involving a minor. The evidence supporting the charges of nudity-oriented and sexually oriented material consisted of various computer files of child pornography and associated records discovered after a search of Eash's computer. That evidence was discovered after a search warrant was executed at Eash's home. Eash was identified as a suspect in several incidents involving sexual improprieties and young girls after an investigation into these incidents in the Urbana, Ohio area.

{¶ 4} Eash appealed his conviction, arguing in part that the computer files introduced as evidence should have been suppressed. The Court of Appeals for the Second District agreed. *State v. Eash*, Champaign App. No. 03–CA–34, 2005-Ohio-3749, 2005 WL 1713429. The court of appeals held that the affidavit used to support the search warrant did not establish probable cause to search the computer on which child pornography was eventually discovered. Id. at ¶ 20.

{¶ 5} The affidavit used to obtain the search warrant in this case described repeated acts of sexual improprieties directed against adolescent girls in Urbana, Ohio. Three incidents were described in detail in the affidavit.

{¶ 6} The search warrant was finally sought after the victim of the last and most severe incident managed to escape from a vehicle after being fondled and nearly raped in January 2003. The victim gave a partial license plate number as

well as a description of the perpetrator. A police investigation revealed that the vehicle's license plate and description matched those of a vehicle owned by Eash.

{¶ 7} Urbana police detectives realized that Eash's description matched that reported in other instances of public indecency and vulgar comments directed at adolescent girls near and around the Urbana High School. In one of the instances, the 11–year–old victim had given a nearly identical description of the perpetrator and the vehicle used after an incident in December 2002. In another instance, the 15–year–old victim of an incident occurring in September 2002 identified Eash as the perpetrator in a photo lineup, after his identity had been discovered by use of the partial license plate number.

{¶ 8} These factual details were used by the Urbana police officer in the affidavit seeking a search warrant. The search warrant authorized a search of Eash's house for specific evidence relating to the descriptions given by the victims above. The search warrant also authorized seizure of "any computers, central processing units, all data drives, hard drives, floppy drives, optical drives, tape drives, digital audio tape drives, and/or any other internal or external storage devices as magnetic tapes and/or discs" so that "[a]ny information contained within all seized computer hardware and software [may] be examined for presence of child pornography and/or child erotica."

{¶ 9} At a hearing before the trial court on Eash's motion to suppress, two Urbana Police Department officers testified. Officer Brian Cordial, the affiant, indicated that his decision to include the computer and other digital storage media among the items to be searched was based on his personal police experience and upon communications with Officer Steve Molton, who had undergone significant training in computer crimes and child abuse. Officer Molton noted that it is common knowledge in the law-enforcement community that persons who commit sex crimes against children are frequently purveyors of child pornography, which is most commonly trafficked in digital form.

{¶ 10} Crim.R. 41(C) states: "A warrant shall issue * * * only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant." This rule is the implementation of protections contained in the Fourth Amendment to the United States Constitution ("no warrants shall issue, but upon probable cause, supported by oath or affirmation * * *") and the nearly identical provision in Section 14, Article I of the Ohio Constitution.

{¶ 11} The issue presented in a case such as this, where the sufficiency of the affidavit in support of the warrant is challenged, is whether the affidavit contains sufficient information to support a "fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus.

{¶ 12} The state conceded at trial and before the court of appeals that the affidavit fails to expressly identify the causal connection between the described activities in the vehicle and the contents of Eash's home computer. None of the background about Officer Cordial's experience and consultation with Officer Molton or any of the information about Officer Molton's extensive experience and training made it into the affidavit submitted in support of the warrant.

{¶ 13} The state, however, argued that the good-faith exception should be applied because the police officers acted in good faith that the judge's probable-cause determination was correct. *United States v. Peltier* (1975), 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374; *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677.

{¶ 14} The court of appeals rejected this argument, however, noting that the good-faith exception is unavailable when the underlying affidavit in support of the warrant itself lacks probable cause. *Leon*, 468 U.S. at 915, 104 S.Ct. 3405, 82 L.Ed.2d 677. The court of appeals, citing its own decision in *State v. Klosterman* (1996), 114 Ohio App.3d 327, 332, 683 N.E.2d 100, held that when determining whether probable cause exists to support the affidavit, only the information contained within the affidavit may be considered. As a result, the police officers' training, expertise, and internal discussions were not considered and were determined not to be relevant to the proceedings. Other appellate districts have adopted the court of appeals' position as espoused in *Klosterman*. *State v. Gales* (2001), 143 Ohio App.3d 55, 757 N.E.2d 390; *State v. Brown*, Summit App. No. 22770, 2006-Ohio-1905, 2006 WL 1009007.

{¶ 15} However, that position is directly contrary to the position adopted by the Court of Appeals for the Twelfth District, which extends the probable-cause determination to information adduced at the suppression hearing. *State v. Wesseler* (Feb. 17, 1998), Butler App. No. CA96–07–131, 1998 WL 65688; *State v. O'Connor*, Butler App. No. CA2001–08–195, 2002-Ohio-4122, 2002 WL 1832865.

{¶ 16} The instant issue has received disparate treatment among the federal courts of appeals and the individual states. Rather than recount each court's approach, a review of Professor John E. Taylor's article Using Suppression Hearing Testimony to Prove Good Faith Under *United States v. Leon* (2005), 54 U.Kan.L.Rev. 155, is more instructive. Taylor's article contains a comprehensive discussion of the relevant splits after the United States Supreme Court decided *Leon*.

{¶ 17} The massive confusion among courts on what appears to be a straightforward issue is a strong call for this court to reach a resolution on this important determination in Ohio. Our failure to address this issue continues the inconsistent treatment of police searches and the resulting prosecutions supported by uninten-

tionally incomplete affidavits in support of a warrant. This court's decision to dismiss this case as having been improvidently accepted is incorrect.

LUNDBERG STRATTON and LANZINGER, JJ., concur in the foregoing dissenting opinion.

---

Nick A. Selvaggio, Champaign County Prosecuting Attorney, and Scott D. Schockling, Assistant Prosecuting Attorney, for appellant.

Richard A. Cline and Gregory K. Lind, for appellee.

William F. Schenck, Greene County Prosecuting Attorney, and Joshua A. Engel, Warren County Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Todd R. Marti, Assistant Solicitor, and Paul Bernhart, Assistant Attorney General, urging reversal for amicus curiae Ohio Attorney General.