[Cite as *State v. Gibbs*, 2018-Ohio-1549.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                     Court of Appeals No. E-16-082

        Appellee                                   Trial Court No. 2016-CR-034

v.

Charles Gibbs                                     **DECISION AND JUDGMENT**

        Appellant                                  Decided:  April 20, 2018

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Pamela Gross, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Charles Gibbs, appeals from the December 6, 2016 judgment of the Erie County Court of Common Pleas sentencing him following his convictions. He was convicted by a jury of violating R.C. 2913.02(A)(1), grand theft. He was convicted, following acceptance of a guilty plea to two counts of having a weapon under a

disability; violations of R.C. 2923.13(A)(2) and (3). For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts the following assignments of error:

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE WHEN IT FOUND THE SEARCH WARRANT TO BE VALID.

ASSIGNMENT OF ERROR NO. 2

CHARLES GIBBS RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE GUN THAT WAS UNLAWFULLY SEIZED FOUND [SIC] DURING THE EXECUTION OF A SEARCH WARRANT.

{¶ 3} Appellant was indicted in a multi-count indictment. The first three counts related to $10,000 stolen from the victim's home. The remaining two counts related to the weapon found upon a search of appellant's residence.

{¶ 4} Appellant moved to suppress evidence obtained as a result of the search warrant on the ground the supporting affidavit did not provide probable cause to believe that evidence of a crime would be found at appellant's residence. He argued that although the statements of a witness linked appellant to the crimes, her statements were unreliable and uncorroborated, except for the race of the perpetrator, and her veracity was

2.

questionable because she had previously lied to the police about the use of her car and was involved in the crime. The prosecution asserted the witness's statements only confirmed the information the police had already gathered.

{¶ 5} The trial court denied the motion to suppress finding there was probable cause to support the warrant and there were no material misrepresentations or omissions. Appellant appeals.

{¶ 6} In his first assignment of error, appellant argues the trial court erred by finding the affidavit was sufficient to support a finding of probable cause and by denying his motion to suppress.

{¶ 7} The Fourth Amendment to the United States Constitution requires that warrants be based on probable cause. *See also* Section 14, Article I of the Ohio Constitution and R.C. 2933.23. The requirements of Crim.R. 41(C) protect against violations of the Fourth Amendment. *State v. Eash*, 110 Ohio St.3d 1235, 2006-Ohio-3668, 850 N.E.2d 1212, ¶ 10. Crim.R. 41(C)(1) provides that the affidavit supporting the search warrant must "name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located."

{¶ 8} The court issuing a warrant should do so only if it is supported by probable cause to believe, in light of the totality of the circumstances set forth in the affidavit, that there is a fair probability that contraband or evidence of a crime will be found in the

3.

identified place to be searched. *State v. Castagnola,* 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 35, citing *State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989), citing *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

{¶ 9} Appellate review of a motion to suppress ruling involves a mixed question of law and fact. *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 100 (citation omitted). While we must accept the factual findings as true, if they are supported by competent, credible evidence, we must independently determine whether the facts satisfy the applicable standard. *Id*. Deference is given to the court issuing the warrant and a reviewing court should uphold the warrant if, based on the totality of the circumstances, there was a "substantial basis for concluding that probable cause existed." *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 13-14, quoting *Gates*. When no oral testimony was given in support of the search warrant, the probable cause determination is based on the four corners of the affidavit. *Castagnola* at ¶ 39 (citation omitted).

{¶ 10} In the case before us, the search warrant was supported by the affidavit of a Sandusky police officer. The officer attested that the Sandusky Police Department responded to a burglary complaint and the victim informed the officers that two masked men came into the residence and stole her cell phone and $3,000-$4,000. The victim saw one of the men remove his mask as he entered a vehicle and that he was a white male.

4.

She believed the other man was also white or a light-skinned African American. Other witnesses observed the victim chasing two masked men who got into a black Pontiac SUV and that one of the men was a white male who removed his mask. The victim also recorded the license number of the vehicle.

{¶ 11} The police determined Amy Matos was the owner of the vehicle, but she denied anyone had used her vehicle that day while she was working. The affiant checked a video surveillance located two blocks from the victim's residence and saw a black SUV leaving the area near the time of the theft. The affiant also checked a surveillance video located at Matos's employer and observed Matos walking away from her parked car while two subjects moved into the front seat and drove away in Matos's vehicle. The officer confirmed the license plate number matched the number provided by the victim.

{¶ 12} Matos was arrested the next day for obstructing justice and, during a second interview, she admitted that she had lied to the officers. She identified appellant as the driver. She also said that she had called him to pick her up, but he did not. She walked home and found appellant in her house with a large sum of money. He gave her $200 to pay her bills before leaving her residence. Appellant was arrested at his residence at 1509 1/2 W. Madison Street, Sandusky, Ohio. The affiant sought to search appellant's residence for a mask, money, clothing, and cell phones related to the burglary.

{¶ 13} Appellant argues on appeal that the affidavit was insufficient because there was no evidence that appellant lived at 1509 1/2 W. Madison Street or that criminal activity would be found there. This argument was not raised below.

5.

**{¶ 14}** Generally, issues not raised in the trial court will not be considered on appeal. *State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 44. Crim.R. 47 requires that the grounds supporting a motion to suppress must be particularly stated. Therefore, all other grounds for supporting the motion to suppress are waived on appeal. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 10; *City of Xenia v. Wallace,* 37 Ohio St.3d 216, 218-219, 524 N.E.2d 889 (1988); *State v. Allen*, 6th Dist. Wood No. WD-16-058, 2018-Ohio-887, ¶ 25.

**{¶ 15}** In the case before us, appellant only challenged the veracity of Matos in the lower court. On appeal, however, he challenges that there was no evidence to support a finding of probable cause that appellant lived at 1509 1/2 W. Madison or that evidence of a crime could be found there. Because this issue was not raised below, it has been waived and will not be considered on appeal.

**{¶ 16}** Therefore, we find appellant's first assignment of error not well-taken.

**{¶ 17}** In his second assignment of error, appellant argues his counsel rendered ineffective assistance when he did not base the motion to suppress on the ground that the affidavit did not support a finding of probable cause that a gun could be found at the 1509 1/2 W. Madison address. During the search, the police found a gun behind a panel and seized it pursuant to the warrant. The gun became the basis for the weapons while under a disability charges.

**{¶ 18}** Appellant bears the burden of overcoming the presumption that an attorney is presumed competent. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80

6.

L.Ed.2d 674 (1984) and *State v. Lott*, 51 Ohio St.3d 160, 174, 555 N.E.2d 293 (1990). Therefore, appellant must show: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty in that there is a reasonable probability of a different result in the case. *Strickland* at 687, and *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶ 19} Appellant argues the gun should not have been listed as potential evidence to be seized in the search. He argues the facts in the affidavit did not indicate a gun was part of the crime.

{¶ 20} We disagree. The affidavit indicates that appellant is a suspect in a theft offense during which he wore a mask and it can be inferred that he planned to steal thousands of dollars from this victim. An inference can logically be drawn that the perpetrator could have been armed. Therefore, we concluded there was no basis for finding this argument should have been asserted in the motion to suppress. Appellant has failed to demonstrate the first prong of the test of ineffective assistance of counsel. Appellant's second assignment of error is found not well-taken.

{¶ 21} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.