The STATE of Ohio, Appellee,

v.

KLOSTERMAN, Appellant.

[Cite as *State v. Klosterman* (1996), 114 Ohio App.3d 327.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96 CA 6.

Decided Sept. 27, 1996.

328

*Robert K. Hendrix*, Greene County Assistant Prosecuting Attorney, for appellee.

*Matthew R. Arntz*, for appellant.

WOLFF, Judge.

Jerrold Klosterman appeals from a judgment of the Greene County Court of Common Pleas which found that police officers' search of his apartment fell within the good faith exception to the exclusionary rule and overruled his motion to suppress.

The facts and procedural history are as follows.

In March 1993, Klosterman was indicted for trafficking in marihuana and trafficking in drugs. The indictment followed a search of Klosterman's apartment pursuant to a search warrant. The search warrant had been obtained by Greene County Sheriff's Deputy Larry Fletcher, based on an affidavit which contained the following information.

"1. I am a Deputy with the Greene County Sheriff's Department, currently assigned to the Greene County Drug Task Force, assigned to the responsibilities of identifying drug traffickers in Greene County, Ohio, causing arrests and convictions to occur.

"2. Affiant states that on March 10, 1993, acting on information received [from] a reliable and credible confidential source, began surveillance of the residence of Gerald [sic] F. Klosterman, 1460 Southgate Road, Yellow Springs, Greene County, Ohio, being a single story blonde brick apartment complex with charcoal roof, specifically Apartment 6, with the number being located on the mailbox, located approximately one-eighth mile east of Rt. 68, on the west side of the road.

"3. The reason for the surveillance is that a confidential informant within the last 72 hours, purchased illegal narcotics from Gerald Klosterman, from the address of 1460 Southgate, Yellow Springs, Greene County, Ohio.

"4. This Affiant has received intelligence information from numerous confidential informants that Gerald Klosterman is involved in trafficking in large quantities of marihuana and psilocybin mushrooms. The Defendant has a previous conviction for Trafficking in Marijuana, Greene County Common Pleas Court in 1978.

"5. As a result of the purchase of the illegal narcotics from the residence of Gerald Klosterman, and reliable intelligence information gathered over a period of several years, there is probable cause to believe that Gerald Klosterman is involved in the distribution and sale of illegal narcotics.

"Therefore, Affiant believes he has good and probable cause to believe that located on the property of Gerald Klosterman, previously described above, including all motor vehicles, being a 1986 Chevrolet, with Ohio License # LJY 905, and contained therein he will find marihuana, any and all other controlled substances and drug paraphernalia, cash, scales, answering machines and answering machine tapes, weapons, which is in violation of Ohio Revised Code Sections 2925.03 and/or 2925.11."

Klosterman filed a motion to suppress the evidence obtained during the search, alleging that the affidavit on which the search warrant was based did not set forth a substantial basis for concluding that probable cause existed. The trial

court overruled the motion to suppress, and Klosterman pled no contest to trafficking in marihuana and to drug abuse. The trial court sentenced Klosterman to an indefinite term of imprisonment of two to fifteen years for trafficking in marihuana and a definite term of eighteen months for drug abuse, and fined him $8,500.

Klosterman appealed from his convictions on the ground that the trial court had erred in overruling his motion to suppress. We agreed with Klosterman's argument that the affidavit in support of the search warrant was insufficient to provide the issuing magistrate with a substantial basis for determining that probable cause for a search existed. We reversed Klosterman's convictions, but we remanded the matter to the trial court for it to consider whether the police officers' execution of the search warrant fell within the good faith exception to the exclusionary rule. *State v. Klosterman* (May 24, 1995), Greene App. No. 94–CA–44, unreported, 1995 WL 324624.

On remand, the parties stipulated to the following facts: (1) Deputy Fletcher obtained the search warrant at issue using "the method that is always used," (2) Fletcher presented evidence to the prosecuting attorney which he believed would support the search warrant, (3) the prosecutor prepared the search warrant forms and the affidavit, (4) Judge Shattuck signed the warrant, and (5) Fletcher felt he had done what was necessary and required to obtain the warrant and relied upon the magistrate's determination of probable cause.

No other evidence was presented. The trial court found that the evidence was seized in good faith reliance on the search warrant's validity, overruled the motion to suppress, and ordered Klosterman to serve the previously imposed sentence.

Klosterman asserts one assignment of error on appeal:

"Good faith reliance on a search warrant lacking probable cause is not established by an officer's later self-serving claim that he relied on the prosecutor's assistance and the judge's decision to authorize the warrant."

Klosterman argues that the state did not demonstrate that the police officers' conduct fell within the good faith exception to the Fourth Amendment's search warrant requirement, and thus the trial court erred in overruling Klosterman's motion to suppress.

The exclusion of evidence is a judicially created sanction to safeguard constitutional rights by deterring Fourth Amendment violations. *United States v. Calandra* (1974), 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561, 571–572. The Supreme Court has recognized a good faith exception to the exclusionary rule to permit introduction of evidence obtained by officers reasonably relying on a search warrant issued by a detached and neutral magistrate, where no

deterrent purpose would be served by excluding evidence under the circumstances presented. *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. "If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *Id.* at 919, 104 S.Ct. at 3419, 82 L.Ed.2d at 696, citing *United States v. Peltier* (1975), 422 U.S. 531, 542, 95 S.Ct. 2313, 2320, 45 L.Ed.2d 374, 384.

Where, as in this case, it has been determined that the magistrate did not have a substantial basis for finding probable cause for the issuance of a search warrant, the applicability of the good faith exception turns on whether the police officer's reliance on the magistrate's probable cause determination and on the technical sufficiency of the warrant was objectively reasonable. *Id.* at 922, 104 S.Ct. at 3405, 82 L.Ed.2d at 698; see, also, *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph three of the syllabus. Although this discussion assumes that the officer seeking the warrant and the officer executing the warrant are the same, the same principles apply where the officer executing the warrant is not the affiant officer. *Leon, supra,* 468 U.S. at 923, 104 S.Ct. at 3420, 82 L.Ed.2d at 698, fn. 24; *United States v. Reivich* (W.D.Mo.1985), 610 F.Supp. 538, 545. An officer cannot manifest objective good faith "in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Leon* at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 699, citing *Brown v. Illinois* (1975), 422 U.S. 590, 610–611, 95 S.Ct. 2254, 2265–2266, 45 L.Ed.2d 416, 431–432 (Powell, J., concurring in part).

The good faith inquiry is confined to the objectively ascertainable question of whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. *Leon, supra,* at 922, 104 S.Ct. at 3420, 82 L.Ed.2d at 698, fn. 23. Subjective beliefs of the officer are not to be considered. *Id.* See, also, *State v. Navarre* (June 9, 1989), Wood App. No. WD–88–43, unreported, 1989 WL 61669; *United States v. Gant* (C.A.5, 1985), 759 F.2d 484, 487–488; *State v. Graddy* (1978), 55 Ohio St.2d 132, 134, 9 O.O.3d 109, 110–111, 378 N.E.2d 723, 724–725, fn. 1.

Regrettably, in remanding this matter to the trial court to consider the good faith exception, we suggested that it could consider facts known to Detective Fletcher that supported probable cause but were outside the affidavit. Upon further reflection, we believe that the proper approach will generally be to confine the good faith reliance inquiry to the four corners of the affidavit. If a probable cause inquiry must be confined to the four corners of the affidavit,

*Graddy, supra,* so should the good faith reliance inquiry, which is an inquiry into whether the officer's reliance was *objectively* reasonable. *Leon, Navarre,* and *Gant, supra.*

 Examples of exceptions to the general rule confining the good faith reliance inquiry to the four corners of the affidavit might be the fact that the officer has enlisted the assistance and advice of the prosecuting attorney in preparing the affidavit in support of the request for the search warrant—see *United States v. Fama* (C.A.2, 1985), 758 F.2d 834, 837—which would support good faith reliance, or the fact that before securing the search warrant from magistrate B, the officer had been turned down by magistrate A—see *Leon,* 468 U.S. at 922, 104 S.Ct. at 3420, 82 L.Ed.2d at 698, fn. 23— which would militate against good faith reliance. It is clear, however, that the good faith reliance inquiry cannot extend to facts that support probable cause but which are not part of the affidavit. The magistrate must find probable cause from the facts in the affidavit. The officer cannot claim good faith reliance on a search warrant based on less than probable cause where he has failed to place in the affidavit information known to him that would support probable cause. The officer's reliance on the warrant can be objectively reasonable only if his belief that the *affidavit* contains facts sufficient to create probable cause is itself objectively reasonable. See *Leon* at 915, 104 S.Ct. at 3416–3417, 82 L.Ed.2d at 693–694.

 Courts objectively evaluating an officer's claim of good faith reliance must charge the officer with a certain minimum level of knowledge of the law's requirements. *State v. Rees* (Nov. 27, 1989), Gallia App. No. 88–CA–17, unreported, 1989 WL 145614; see, also, *Leon,* 468 U.S. at 923, 104 S.Ct. at 3420–3421, 82 L.Ed.2d at 698–699. The state bears the burden of demonstrating that the officer acted in good faith in executing an invalid search warrant. *Navarre, supra; United States v. Michaelian* (C.A.9, 1986), 803 F.2d 1042, 1048; *Gant, supra.*

 Because the good faith analysis in this case involves the application of a rule of law to undisputed facts, we will review the trial court's decision *de novo,* without deference to the trial court's finding. See *Ornelas v. United States* (1996), ─── U.S. ───, ───, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911, 919–920, wherein the Supreme Court held that as to admitted or established historical facts involving reasonable suspicion or probable cause, appellate review of trial court applications of the law to the historical facts should be *de novo.* See, also, *Michaelian,* 803 F.2d at 1046, utilizing *de novo* review in the good faith exception context. Such a *de novo* review tends to guide police, unify precedent, and stabilize the law. *Id.,* citing *Thompson v. Keohane* (1995), 516 U.S. ───, ───, 116 S.Ct. 457, 467, 133 L.Ed.2d 383, 396–397. We believe the same approach

should be taken in reviewing trial court determinations of the good faith reliance inquiry. The historical facts are as found in the affidavit, and all that remains is for the appellate court to apply the law to the facts.

In our previous opinion, we concluded that the affidavit upon which the warrant to search Klosterman's apartment was issued was based solely upon hearsay information provided by informants and failed to set forth any facts or circumstances from which the issuing judge could have concluded that the informants were credible or their information reliable. The affidavit was also based upon "reliable intelligence information gathered over a period of several years," without specifying who gathered the information or what the information was, and upon a fifteen-year-old conviction for trafficking in marihuana. Deputy Fletcher provided additional bases for his conclusion that his informants were reliable at the suppression hearing, but this testimony was not relevant to the good faith analysis. Information supporting probable cause that is known to the affiant, but not included in the affidavit or revealed to the issuing magistrate prior to issuance of the warrant, is not pertinent to the determination of whether an objectively reasonable officer should have known that the warrant was not based on probable cause. *Graddy, supra.* Accordingly, of the facts stipulated to after remand, only the facts that Deputy Fletcher submitted evidence to the prosecutor, that the prosecutor used to prepare the affidavit and search warrant forms, and that Judge Shattuck knew when he signed the search warrant were relevant to the good faith reliance inquiry.

In our judgment, notwithstanding the relevant, stipulated facts, a reasonably well trained officer would have known that the information contained in this affidavit did not establish probable cause and could not have formed an objectively reasonable belief that it did. As a result, the evidence obtained from the search was not admissible pursuant to the good faith exception to the exclusionary rule.

The assignment of error is sustained.

The judgment of the trial court will be reversed.

*Judgment reversed.*

BROGAN, P.J., and FREDERICK N. YOUNG, J., concur.