[Cite as *State v. Brewer*, 2014-Ohio-3947.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26030 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-3001/3 |
| v. | : | |
| | : | |
| DARLA BREWER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the ____12th____ day of _____September_____, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, and TIFFANY C. ALLEN, Atty. Reg. #0089369, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. #0088791, Arnold & Arnold, Ltd., 120 West Second Street, Suite 703, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Darla Brewer appeals the trial court's denial of her motion to suppress marijuana

found in her house during a search executed pursuant to a search warrant. She contends that the search warrant is invalid because the affidavit on which it is based omits material information and misled the issuing judge. Brewer fails to show that the purported omitted information was material and fails to show that it was omitted with the intent to mislead. We therefore affirm.

## I. FACTS

{¶ 2}     Nathan Powers was a drug mule for James Buckner. Buckner is Brewer's son who lived with her in her house at 701 Old Main Street in Miamisburg, Ohio. One day around 4 p.m., Powers got a call from Buckner asking him to stop by. Powers drove over and went into the house where Buckner gave him a large baggie of marijuana and asked him to deliver it to a house in Camden, Ohio. Powers put the baggie in the trunk of his vehicle and left.

{¶ 3}     On routine patrol near the edge of town, Miamisburg police officer Michael Aiken watched Powers roll through an intersection and then clocked him doing 35 mph in a 25 mph zone. Officer Aiken stopped Powers. After citing Powers, Aiken asked him if he could search the vehicle, and Powers consented. Aiken found the plastic baggie of marijuana in the trunk and arrested Powers. Powers agreed to talk, and he told Aiken where he had gotten the marijuana and what he was doing with it.

{¶ 4}     Miamisburg Detective Jason Threlkeld was assigned to the case. Around 6:30 p.m., at the police department, Threlkeld talked to Powers. Powers told him the same story that he had told to Officer Aiken. Powers added that inside Buckner's house he saw "five or six other plastic baggies, of either similar or different sizes" that all "appeared to contain Marijuana." (Affidavit, 11). Around 7 p.m., Threlkeld drove Powers to 701 Old Main Street, and Powers said that it was the house where he got the drugs from Buckner. Around 8 p.m., Threlkeld had

Powers call Buckner to discuss the purchase of marijuana–"whatever you gave me today times like three." (*Id*. at 13). Doing some research, Detective Threlkeld found a 2011 police report describing a theft complaint made by a James R. Buckner. The cell phone number for James Buckner listed on the report is the same number that Powers used to call Buckner. The report also lists James Buckner's home address as 701 Old Main Street. Threlkeld showed Powers a photograph of James Buckner, and Powers said that the man in the photo was the one who gave him the drugs.

**{¶ 5}** Detective Threlkeld then went to the home of a Miamisburg judge, swore an affidavit that avers the above information, and asked the judge to issue a nighttime search warrant for 701 Old Main Street. After reviewing the affidavit, the judge issued the warrant. Around 10:40 p.m., Threlkeld and other officers executed the warrant and found the reported marijuana.

**{¶ 6}** Both Brewer and Buckner were arrested and charged. Brewer was charged with possession of marijuana and two counts of trafficking marijuana. She filed a motion to suppress the evidence found during the search. On cross-examination, at the suppression hearing, Detective Threlkeld testified that Officer Aiken's report notes that, during the traffic stop, Powers lied to Aiken about where he lived and whether there were drugs in his vehicle. Threlkeld also testified that Powers was not known to police before these events. The trial court overruled the motion. Brewer ultimately negotiated a plea agreement under which the state dismissed all three charges in exchange for her plea of no contest to one count of obstructing justice (charged by a bill of information). She was sentenced to community control.

**{¶ 7}** Brewer appealed.

## II. ANALYSIS

{¶ 8}     In the sole assignment of error, Brewer alleges that the trial court erred by not granting her motion to suppress. She contends that the search warrant is invalid.

{¶ 9}     The state does not respond directly to Brewer's argument but contends only that the issue Brewer presents is moot. It points out that the only error Brewer assigns on appeal is the trial court's decision overruling her motion to suppress but that that decision concerned only the evidence related to the possession-of-marijuana charge, which was dismissed under the negotiated plea agreement. The state provides little in the way of supporting argument and our research reveals scant case law precisely on the subject which would be applicable to the fact pattern here. The state's argument is that because the possession and trafficking charges were dismissed the assignment of error concerns a decision on the motion to suppress that has nothing to do with Brewer's conviction for obstructing justice. However, on this record we are uncertain of the relationship between execution of the search warrant and the bill of information charge of obstruction of justice.  We need not resolve the issue because we determine that the search warrant in this case was supported by probable cause.

{¶ 10}   Civ.R. 41 provides that a request for a search warrant requires a sworn affidavit "establishing the grounds for issuing the warrant." Civ.R. 41(C)(1). The judge will issue the search warrant if the judge finds, based on the information in the affidavit, that "probable cause for the search exists." Civ.R. 41(C)(2). "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *Id*. The Ohio Supreme Court has said that "[i]n determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing

magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

**{¶ 11}** The standard under which a probable-cause finding is reviewed is one of deference:

> In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.

*Id*. at paragraph two of the syllabus.

**{¶ 12}** "Ordinarily, 'a probable cause inquiry must be confined to the four corners of the affidavit * * *.' " *State v. Leibold*, 2d Dist. Montgomery No. 25124, 2013-Ohio-1371, ¶ 31,

quoting *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d Dist.1996). But " '[a] search warrant affidavit that is facially sufficient may nevertheless be successfully attacked if the defendant can show by a preponderance of the evidence that the affiant made a false statement intentionally, or with reckless disregard for the truth.' " *Id*., quoting *State v. Stropkaj*, 2d Dist. Montgomery No. 18712, 2001 WL 1468905, *2 (Nov. 16, 2001), citing *Franks v. Delaware*, 438 U.S. 154, 155-156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and *State v. Waddy*, 63 Ohio St.3d 424, 441, 588 N.E.2d 819 (1992). "Omissions count as false statements if 'designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate.' " (Citations omitted.) *State v. Miser*, 2d Dist. Montgomery No. 25105, 2013-Ohio-1583, ¶ 12. "[A]n omitted fact in an affidavit for a search warrant, in order to be considered intentionally misleading or made with reckless disregard of its tendency to mislead the magistrate, would necessarily have to be exculpatory information, or information that impeaches a source of incriminating information." *Stropkaj* at *3.

{¶ 13} Brewer contends that Detective Threlkeld's affidavit is insufficient to support the issuing judge's probable-cause determination because Threlkeld omitted material information from the affidavit and misled the judge. Brewer says that Detective Threlkeld should have included statements telling the judge that Powers was not known to police and that, during the traffic stop, Powers twice lied to Officer Aiken, first about the presence of drugs in the car and also about the town in which he lived. We disagree.

{¶ 14} Our review of the record reveals that the trial court was correct that there was no "showing of a false statement made knowingly and intentionally, or with reckless disregard for the truth" and that there were no "specific allegations" but rather "nothing more than speculation

about the potential for alleged false statements." (*Decision, Order And Entry Overruling Motions To Suppress*, 13). Nothing in the record shows that Detective Threlkeld omitted the information about Powers because Threlkeld was trying to mislead the issuing judge or omitted it knowing that doing so might mislead the judge. Furthermore, we do not think that the omitted information is material. Powers's initial denial of the presence of drugs in his car was understandable and expected: he was trying to avoid getting caught. Moreover the fact that he said he resided in Gratis, Ohio, instead of Camden as indicated on his license, is improperly characterized by appellant as a falsehood. Camden and Gratis are in the same rural vicinity in southwest Ohio, on the same State route, with mailing addresses that likely overlap. It could be no different than a person who lives within Trotwood or Riverside saying they live in Dayton. Even if these discrepancies were lies, they are insufficient, by themselves, to suggest that Powers's statements about Buckner were also lies, or to impugn the integrity of the information provided in the affidavit for the search warrant. Nor does the fact that Powers was unknown to the police make him unreliable. There is no evident reason why Powers would lie about Buckner.

{¶ 15} Brewer fails to establish that Detective Threlkeld's affidavit contains intentional or material misrepresentations. On its face, the affidavit adequately establishes Powers' veracity and basis of knowledge. A clandestine telephone call to Brewer's son supported Powers' information. The affidavit provides a substantial basis for finding probable cause to believe drugs would be found inside Brewer's home. The trial court therefore did not err by overruling Brewer's motion to suppress.

{¶ 16} The sole assignment of error is overruled.

{¶ 17} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram / Tiffany C. Allen
Adam J. Arnold
Hon. Mary K. Huffman