[Cite as *State v. Haralson*, 2022-Ohio-2052.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-203A |
| | : | |
| SHAUN J. HARALSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 17th day of June, 2022.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

P.J. CONBOY, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Shaun J. Haralson, appeals from his convictions in the Miami County Court of Common Pleas after pleading no contest to three counts of aggravated possession of drugs and single counts of possession of cocaine, possession of a fentanyl related compound, and illegal conveyance of drugs. In support of his appeal, Haralson challenges the trial court's decision overruling his motion to suppress drug evidence that was discovered on his person and in his residence while law enforcement officers were executing a search warrant. Specifically, Haralson contends that the search warrant in question was improperly executed because it was not filed with the clerk of court until after the search was conducted and because the search warrant's supporting affidavit did not include a specific request to search his person. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On June 2, 2021, a Miami County grand jury returned an indictment charging Haralson with one second-degree felony count of aggravated possession of drugs, two fifth-degree felony counts of aggravated possession of drugs, and single counts of possession of cocaine, a first-degree felony; possession of a fentanyl related compound, a fifth-degree felony; and illegal conveyance of drugs, a third-degree felony. The indictment also included a forfeiture specification for $2,644. The charges arose after law enforcement officers discovered illegal drugs while executing a search warrant for Haralson's person and his residence.

{¶ 3} Following his indictment, Haralson pled not guilty to all the charges and filed a motion to suppress the drug evidence that was discovered during the execution of the search warrant. On September 23, 2021, the trial court held a hearing on Haralson's motion to suppress. At the suppression hearing, Haralson clarified the arguments in his motion and argued that the search warrant was improperly executed because it: (1) was not filed with the clerk of court until after its execution; and (2) lacked sufficient probable cause to search his person due to there being no specific request to search his person in the supporting affidavit.

{¶ 4} Also during the suppression hearing, the parties stipulated to the admission of State's Exhibit No. 1, which included the search warrant at issue, the search warrant's supporting affidavit with "Attachment {A}," and the return receipt/inventory of the search warrant. The parties agreed that the trial court's review of the matter was confined to the "four corners" of State's Exhibit No. 1. Therefore, neither party presented any testimonial evidence at the suppression hearing.

{¶ 5} After taking the matter under advisement, the trial court issued a written decision overruling Haralson's motion to suppress. In its decision, the trial court set forth the following findings of fact:

> The indictment stems from a search of [Haralson's] person and residence at 716 Boal Street, Piqua, Ohio, conducted on August 13, 2020 pursuant to a search warrant issued by Judge Gary A. Nasal of the Miami County Municipal Court on August 12, 2020. The search warrant was procured based on a six-page affidavit with attachment sworn and executed

by Detective Jessup of the Miami County Sheriff's Office ("MCSO") on August 12, 2020. The affidavit with attachment "A" provide[s] information regarding a four (4) month investigation of [Haralson] regarding alleged drug trafficking in the city of Piqua, Miami County, Ohio. The affidavit alleges that Detective Jessup from the MCSO along with a seasoned confidential informant performed multiple controlled illegal drug buys from [Haralson] at the 716 Boal Street residence as well as other illegal drug buys throughout Miami County which occurred out of a 2006 blue Cadillac DTS bearing OHIO JAA1480 that were directly observed by agents from the MCSO.

Judge Nasal determined that the search warrant affidavit and attachment established probable cause to search [Haralson], the 716 Boal Street residence, [and] particular property including any vehicles directly related to the residence, namely a 2006 Cadillac DTS OHIO JAA1480.

A search of the 716 Boal Street residence occurred late [in] the morning on August 13, 2020. MCSO found evidence of illegal drugs, drug instruments/paraphernalia and evidence of [Haralson's] use/possession of [the] 2006 Cadillac DTS. After searching [Haralson's] residence, MCSO initiated a traffic stop of [Haralson] who was driving the vehicle which was subject of the search warrant in the city of Piqua. At that time, MCSO conducted a personal search of [Haralson's] car and person pursuant to the search warrant which produced illegal drugs.

Decision Denying Defendant's Motion to Suppress (Oct. 13, 2021), p. 2-3.

{¶ 6} With regard to the first claim in Haralson's motion to suppress, the trial court determined that there is no requirement for a search warrant to be filed with the clerk of court before its execution and that executing a search warrant before filing it is not unlawful. Accordingly, the trial court found that the search warrant pertaining to Haralson and his residence was lawfully executed even though it was filed with the clerk of court one day after the search was conducted.

{¶ 7} Concerning the second claim in Haralson's motion to suppress, the trial court determined that the detective who prepared the supporting affidavit specifically named Haralson therein and outlined facts which indicated that there was a fair probability that contraband or evidence of a crime would be found on Haralson's person. Accordingly, the trial court concluded that when reviewing the totality of the circumstances averred in the supporting affidavit, there was sufficient probable cause to issue a search warrant for Haralson's person even though the affidavit did not include a specific request to conduct such a search.

{¶ 8} After the trial court denied Haralson's motion to suppress, Haralson entered a no contest plea to all the charges in the indictment and to the forfeiture specification. The trial court accepted Haralson's no contest plea, found him guilty, and scheduled the matter for a sentencing hearing. At the sentencing hearing, the trial court imposed an aggregate, indefinite term of eight to eleven and a half years in prison and suspended Haralson's driver's license for five years. The trial court also ordered Haralson to pay $175 in restitution to the Miami County Sheriff's Office and $619 in court costs.

{¶ 9} Haralson now appeals from his conviction, raising a single assignment of

error for review.

## Assignment of Error

{¶ 10} Under his sole assignment of error, Haralson challenges the trial court's decision overruling his motion to suppress the drug evidence that was discovered during the execution of the search warrant. In support of his assignment of error, Haralson raises the same arguments that he raised in his motion to suppress. Specifically, Haralson claims that the search warrant was improperly executed because it: (1) was not filed with the clerk of court until one day after its execution; and (2) lacked sufficient probable cause to search his person due to there being no specific request to search his person in the supporting affidavit.

### *Standard of Review*

{¶ 11} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." (Citation omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Citations omitted.) *Id.*

*Filing the Search Warrant*

{¶ 12} Under his first argument, Haralson contends that all of the evidence obtained during the execution of the search warrant should have been suppressed because the search warrant was not filed with the clerk of court until one day after its execution.   According to Haralson, the search warrant had to be filed with the clerk of court before it was executed.   We, however, disagree.

{¶ 13} In *State v. Lumbus*, 2016-Ohio-380, 59 N.E.3d 580 (8th Dist.), the Eighth District Court of Appeals addressed the same argument raised by Haralson.   Specifically, the appellant in *Lumbus* claimed that R.C. 2933.23, the statute governing search warrant affidavits, required a search warrant to be filed with the clerk of court before the search takes place.   *Id.* ¶ 79-81.

{¶ 14} R.C. 2933.23 provides, in relevant part, that:

A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based.

{¶ 15} In addressing the appellant's argument, the court in *Lumbus* adopted the following analysis set forth in *State v. Sloan*, 17 Ohio Misc. 78, 242 N.E.2d 689 (C.P. 1968):

"The requirement is, 'a warrant for search shall not be issued until there is filed with the judge or magistrate an affidavit * * *.'  So what is the specificity of the words 'is filed' in conjunction with 'the judge or magistrate[?]'  ***There is no requirement in the legislation under consideration that the affidavit be filed with the clerk of any court and that it be spread upon the dockets and journalized before the jurisdiction of the judge or magistrate is invoked.***  It is not uncommon that warrants for search are sought by officers from judges and magistrates who are in their homes at the particular time or some other place other than their respective courtroom or chamber.  No duty is imposed upon the judge or magistrate to keep a file of the affidavits prepared for search warrants. In those cases where the officer presents a separate affidavit, I know of no cases where the judge or magistrate retains the separate affidavit so presented.  They are retained by the officer and if a return is made upon any search warrant issued, such affidavit is usually returned and all thereof may eventually become part of the file as respects an accused in question. ***So, this court holds that the words 'is filed with the judge or magistrate an affidavit' means to make application: to file an affidavit for a search warrant.***

(Emphasis added.) *Lumbus* at ¶ 82, quoting *Sloan* at 80.

{¶ 16} Based on the analysis in *Sloan*, and because the appellant failed to present any case law supporting his argument that a search warrant has to be filed with the clerk of court before being executed, the court in *Lumbus* determined that it was not unlawful to execute a search warrant before filing it with the clerk of court. *Id.* at ¶ 91.

{¶ 17} We agree with the holding in *Lumbus*, as our research did not reveal any legal authority supporting a contrary result, and Haralson did not provide any legal authority to support his claim. Therefore, Haralson's claim that the search warrant in this case had to be filed with the clerk of court before its execution lacks merit.

*Request to Search Haralson's Person in Supporting Affidavit*

{¶ 18} Under his second argument, Haralson contends that the drug evidence discovered during the search of his person should have been suppressed because the search warrant's supporting affidavit did not include a specific request to search his person. According to Haralson, this resulted in the search warrant's lacking sufficient probable cause to permit such a search. We again disagree.

{¶ 19} "The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide that search warrants may only be issued upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and/or things to be seized." *State v. Perez*, 2015-Ohio-1753, 32 N.E.3d 1010, ¶ 9 (2d Dist.), citing *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 11. Therefore, "a request for a search warrant requires a sworn

affidavit 'establishing the grounds for issuing the warrant.' " *State v. McClain*, 2015-Ohio-3690, 41 N.E.3d 871, ¶ 5 (2d Dist.), quoting Crim.R. 41(C)(1).

**{¶ 20}** "The judge may issue a search warrant if the judge finds, based on the information in the affidavit, that 'probable cause for the search exists.' " *Id.*, quoting Crim.R. 42(C)(2). "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Ordinarily, "a probable cause inquiry must be confined to the four corners of the affidavit." *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d Dist.1996).

**{¶ 21}** " '[T]he duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for * * * conclud[ing]" that probable cause existed.' " *Jones* at ¶ 13, quoting *Gates* at 238-239, quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In doing so, "reviewing courts must examine the totality of the circumstances." *Id.*, citing *Gates* at 238. " '[T]rial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.' " *Id.* at ¶ 14, quoting *George* at paragraph two of the syllabus.

**{¶ 22}** As previously noted, Haralson contends that the search warrant for his

person was issued without sufficient probable cause because the affidavit filed in support of the search warrant failed to specifically request a search of his person. Although the trial court found "that the affidavit [did] not specifically request a search of [Haralson's] person," we find that there is competent, credible evidence in the record supporting a contrary conclusion, because the supporting affidavit prepared by Det. Jessup specifically averred that he had:

REASON TO BELIEVE THAT WITHIN THE JURISDICTION OF [the Miami County Municipal Court] IN MIAMI COUNTY, OHIO, THERE IS NOW BEING CONCEALED ON THE:

***PERSON(S), TO WIT; AS DESCRIBED IN PARAGRAPH {I} OF THE SEARCH WARRANT.***

PLACE, TO WIT: AS DESCRIBED IN PARAGRAPH {II} OF THE SEARCH WARRANT.

PROPERTY WHICH IS SUBJECT TO SEARCH AND SEIZURE, TO WIT: AS DESCRIBED IN PARAGRAPH {III} OF THE SEARCH WARRANT.

* * *

DETECTIVE JESSUP HEREIN REQUESTS THIS SEARCH WARRANT.

THE FACTUAL BASIS FOR THE AFFIANT'S ABOVE BELIEF IS, TO WIT: SEE ATTACHMENT [A].

EXHIBITS IDENTIFIED AS ATTACHMENT, ARE ATTACHED HERETO AND MADE PART HEREOF.

(Emphasis added.)   State's Exhibit I - "Search Warrant Affidavit."

{¶ 23} A review of the search warrant establishes that the person described in Paragraph I of the search warrant is Haralson, the place described in Paragraph II of the search warrant is Haralson's residence at 716 Boal Street in Piqua, Ohio, and the property described in Paragraph III of the search warrant is a variety of controlled substances, drug paraphernalia, containers, and other various items.   In the supporting affidavit, it is clear that Det. Jessup averred that he had reason to believe that the aforementioned items of contraband were being concealed at Haralson's residence *and on Haralson's person,* and, for that reason, he requested the issuance of the proposed search warrant. Moreover, the search warrant specifically included an order for officers to search Haralson's person.   Taking all of this information into consideration, we find that Haralson's claim that the supporting affidavit did not include a request to search his person lacks merit.

{¶ 24} We also find that the totality of the circumstances establish that Det. Jessup's averments in "Attachment {A}" of the supporting affidavit provided a substantial basis for the issuing judge to conclude that probable cause existed to search Haralson's person.   This court has explained that: "The broad authority to search a person anywhere within the territorial jurisdiction of the court is valid only when there is probable cause to believe that the criminal activity alleged is 1) conducted at no fixed place or places and 2) of such a character that the person to be searched is likely to have the property searched for on his person or in his possession."   *State v. Brock*, 2d Dist. Montgomery No. 11449, 1989 WL 109303, *4 (Sept. 21, 1989).   We have also held that an affidavit

alleging drug trafficking activity of a "transient nature" supported a conclusion that evidence of drug trafficking could be concealed on the defendant's person. *State v. Gordon*, 2d Dist. Montgomery No. 12036, 1990 WL 131874, *5 (Sept. 12, 1990).

{¶ 25} In this case, "Attachment {A}" to Det. Jessup's supporting affidavit provided information regarding a four-month drug trafficking investigation conducted by the Miami County Sheriff's Office that had focused on Haralson. Specifically, Det. Jessup averred that he and a seasoned confidential informant had performed six controlled illegal drug buys from Haralson at Haralson's residence and two controlled illegal drug buys from Haralson at other locations in Miami County out of Haralson's vehicle. These averments established that the drug buys were not at a fixed location, but were transient in nature. The averments also established that Haralson was engaging in multiple instances of drug trafficking, which is the kind of criminal activity that provided probable cause to believe that Haralson had illegal drugs or other contraband on his person. Therefore, we conclude that the averments in "Attachment {A}" to the supporting affidavit provided a substantial basis for the issuing judge to conclude that probable cause existed to search Haralson's person.

{¶ 26} For all the foregoing reasons, Haralson's claim that the search warrant's supporting affidavit did not include a request to search his person and lacked sufficient probable cause to permit such a search lacks merit.

{¶ 27} Because both of Haralson's arguments challenging the denial of his motion to suppress lack merit, his sole assignment of error is overruled.

## Conclusion

**{¶ 28}** Having overruled Haralson's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Paul M. Watkins
P.J. Conboy
Hon. Jeannine N. Pratt