OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio ("the State"), appeals the July 27, 2004 judgment entry of the Portage County Court of Common Pleas granting Maxine Gritten's ("Gritten") motion to suppress. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} On January 20, 2004, at approximately 11:10 p.m., Officer Jamie Price ("Price") and other officers of the Windham Police Department responded to a radio dispatch of a woman not breathing at 9576 Cloverleaf Road, Windham, Ohio. Price found Gritten "lying on her bed * * * snorting and grasping for air * * * kicking about and * * * finding it difficult to breathe." Gritten was unable to answer questions and was taken by ambulance to the hospital.
 {¶ 3} Gritten's husband informed the officers that Gritten was on blood pressure medication and that they had smoked "a marijuana joint" earlier that evening. The officers noticed the odor of marijuana and found "a marijuana roach cigarette in the ashtray next to the bed." Price asked Gritten's husband if there was any other marijuana in the house and he responded that there was not. Price asked Gritten's husband for consent to search the house and he refused.
 {¶ 4} Thereupon, Price prepared a narrative affidavit and an affidavit for a search warrant of 9576 Cloverleaf Road. That same evening, now the early morning of January 21, 2004, a Portage County Municipal Court judge issued a warrant to conduct a nighttime search of the "residence 9576 on Cloverleaf Rd in the Village of Windham, County of Portage, State of Ohio, it being a single family home, facing north to south paralell [sic] to Cloverleaf Rd, and any persons present at the residence at the time the warrants are executed." The warrant described the "[p]roperty to be searched for and seized" as follows: "any evidence of the crime drug abuse and all other fruits and instrumentalities of the crime at the present time unknown."
 {¶ 5} In the execution of this warrant, officers seized over $2,195 in cash, baggies of marijuana, scales, and other drug related items. Gritten was subsequently indicted for possession of marijuana.
 {¶ 6} On July 27, 2004, the trial court granted Gritten's motion to suppress. The State filed its appeal pursuant to Crim.R. 12(K) and asserts the following assignments of error:
 {¶ 7} "[1.] The trial [court] erred in granting the Appellee's motion to suppress the evidence when the search and seizure were conducted pursuant to a valid search warrant based on sufficient probable cause.
 {¶ 8} "[2.] The trial court erred in suppressing evidence obtained by the officers who were acting in objectively reasonable reliance of a search warrant issued by a detached and neutral judge."
 {¶ 9} At a suppression hearing, the trial court acts as the trier of fact. City of Ravenna v. Nethken, 2001-P-0040, 2002-Ohio-3129, at ¶ 13, citing State v. Mills (1992), 62 Ohio St.3d 357, 366. As the trier of fact, the trial court must evaluate the evidence and judge the credibility of the witnesses. Mills, 62 Ohio St.3d at 366, citing Statev. Fanning (1982), 1 Ohio St.3d 19, 20. "The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997), 118 Ohio App.3d 739, 741. Accepting the trial court's determination of the factual issues, the court of appeals conducts a de novo review of the trial court's application of the law to those facts. Id.; State v. Stiles, 11th Dist. No. 2002-A-0078, 2003-Ohio-5535, at ¶ 11.
 {¶ 10} The trial court granted Gritten's motion to suppress for the reason that "the facts in this case do not support a `fair probability' that evidence of crimes other than the admitted drug abuse would be found at the Defendant's residence." The State argues, in its first assignment of error, that Price's supporting affidavits do establish the fair probability that evidence of the crime of drug abuse would be found at Gritten's residence. Thus, the State maintains that our standard of review is a deferential one, "ensur[ing] that the magistrate had a `substantial basis for * * * concluding' that probable cause existed" to issue the warrant. State v. George (1989), 45 Ohio St.3d 325, 329, citingIllinois v. Gates (1983), 462 U.S. 213, 238-239.
 {¶ 11} We affirm, however, the trial court's decision on the grounds that the search warrant is facially overbroad. The applicable standard of review for considering the overbreadth of a search warrant is not deferential, it is de novo. United States v. Ford (C.A.6, 1999),184 F.3d 566, 575 (citations omitted).
 {¶ 12} The Fourth Amendment to the United States Constitution provides for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." TheFourth Amendment further states, "unambiguously," that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, andparticularly describing the place to be searched, and the persons orthings to be seized." Groh v. Ramirez (2004), 540 U.S. 551, 557 (emphasis sic).
 {¶ 13} "The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." Groh, 540 U.S. at 557. "General search warrants which fail to particularly describe the things to be searched for and seized `create a danger of unlimited discretion in the executing officer's determination of what is subject to seizure and a danger that items will be seized when the warrant refers to other items.'" United States v. Ables (C.A.6, 1999), 167 F.3d 1021, 1033
(citation omitted); Marron v. United States (1927), 275 U.S. 192, 196
("[t]he requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible"). "[T]he requisite specificity necessary * * * varies with the nature of the items to be seized. * * * [T]he key inquiry is whether the warrants could reasonably have described the items more precisely than they did." Statev. Benner (1988), 40 Ohio St.3d 301, 307. "[A] description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." United States v. Henson (C.A.6, 1988),848 F.2d 1374, 1383 (quotation omitted).
 {¶ 14} The search warrant at issue herein fails to describe with any particularity the items to be seized. The warrant broadly authorizes the police to seize "any evidence of the crime drug abuse and all other fruits and instrumentalities of the crime at the present time unknown." "Drug abuse" is not even a particular crime under the Revised Code. As defined in R.C. 2925.01(G)(1), "drug abuse" refers, generically, to the crimes of corrupting another with drugs, trafficking, illegal manufacture of drugs or cultivation of marihuana, illegal assembly or possession of chemicals for the manufacture of drugs, funding of drug or marihuana trafficking, illegal administration or distribution of anabolic steroids, possession of drugs and drug abuse instruments, permitting drug abuse, deception to obtain a dangerous drug, illegal processing of drug documents, tampering with drugs, abusing harmful intoxicants, trafficking in harmful intoxicants, improperly dispensing or distributing nitrous oxide, illegal dispensing of drug samples, and offenses involving counterfeit controlled substances.[1]
 {¶ 15} We are unable to discern in the phrase "evidence of the crime drug abuse" any limitation to the items potentially subject to seizure. As a practical matter, the warrant gave officers carte blanche to seize whatever they might think incriminating in Gritten's home. We also fail to see any reason why the warrant could not have described the items to be seized more precisely. The warrant fails to conform to the particularity requirement of the Fourth Amendment and is, therefore, unconstitutional. Massachusetts v. Sheppard (1984), 468 U.S. 981, 988 n. 5; United States v. Blakeney (C.A.6, 1991), 942 F.2d 1001, 1026 ("[a] general order to explore and rummage through a person's belonging is not permitted") (quotation omitted).
 {¶ 16} A substantial body of federal case law supports the similar proposition that a warrant "authoriz[ing] a general search in conjunction with a federal crime * * * is overbroad on its face." United States v.Leary (C.A.10, 1988), 846 F.2d 592, 601; see, also United States v.George (C.A.2, 1992), 975 F.2d 72, 76 ("[m]ere reference to `evidence' of a violation of a broad criminal statute or general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize"); United States v. Maxwell (C.A.D.C., 1990),920 F.2d 1028, 1033 ("[r]eferences to broad statutes realistically constitute no limitation at all on the scope of an otherwise overbroad warrant"); Rickert v. Sweeney (C.A.8, 1987), 813 F.2d 907, 909 (warrant limited only by references to the general conspiracy statute and general tax evasion statute did "not limit the search in any substantive manner"); United States v. Spilotro (C.A.9, 1986), 800 F.2d 959, 965
("effort to limit discretion solely by reference to criminal statutes was inadequate").
 {¶ 17} The State's first assignment of error is without merit.
 {¶ 18} In its second assignment of error, the State argues that, if the motion to suppress is upheld, the facts and circumstances of the present case merit the application of the good faith exception to the exclusionary rule for Fourth Amendment violations.
 {¶ 19} As adopted in Ohio, the "good faith" exception provides: "TheFourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." George, 45 Ohio St.3d 325, paragraph three of the syllabus, following United States v. Leon (1984), 468 U.S. 897.
 {¶ 20} As explained above, we do not consider the question of whether the warrant at issue is supported by probable cause. Rather, our holding rests on the determination that the warrant is facially overbroad. "Given that the particularity requirement is set forth in the text of the Constitution, no reasonable officer could believe that a warrant that plainly did not comply with that requirement was valid." Groh,540 U.S. at 563; Leon, 468 U.S. at 923 ("a warrant may be so facially deficient — i.e., in failing to particularize * * * the things to be seized — that the executing officers cannot reasonably presume it to be valid"); George, 975 F.2d at 77 (warrant limiting the scope of items to be seized by reference to a broad criminal statute "is so unconstitutionally broad that no reasonably well-trained police officer could believe otherwise"); Leary, 846 F.2d at 609 (a reasonably well-trained officer should know a warrant must provide guidelines for determining what evidence may be seized).
 {¶ 21} The State's second assignment of error is without merit.
 {¶ 22} For the reasons stated above, the decision of the Portage County Court of Common Pleas granting Gritten's motion to suppress is affirmed.
Ford, P.J., O'Toole, J., concur.
[1] We note that "drug abuse" under the Revised Code also encompasses the violation of any existing or former law of Ohio, any other state, or the federal government similar to the list given above or in which "dealing with a controlled substance is an element." R.C. 2925.01(G)(2) and (3).