[Cite as *State v. Chebegwen*, 2020-Ohio-3297.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28337 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-3673 |
| | : | |
| CLOUVIS CHEBEGWEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of June, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Clouvis Chebegwen appeals his conviction for the following offenses: Count I, theft (by deception) (more than $1,000 but less than $7,500), in violation of R.C. 2913.02(A)(3), a felony of the fifth degree; Count II, pandering obscenity involving a minor (buy/possess obscene material), in violation of R.C. 2907.321(A)(5), a felony of the fourth degree; and Count III, pandering sexually-oriented material involving a minor (solicit/possess material), in violation of R.C. 2907.322(A)(5), a felony of the fourth degree. Chebegwen filed a timely notice of appeal on March 21, 2019.

{¶ 2} The record establishes that on November 15, 2017, Miami Township Police Officer Shawn Todd initiated an investigation after being contacted by Kyla Gutierrez of Visalia, California. Gutierrez informed Officer Todd that she had been defrauded of over $3,000 through a Craigslist scam offering a dog for sale. Gutierrez further stated that she wired the money to a Walmart shopping center located at 8800 Kingsridge Drive in Miami Township but never received the dog she thought she had purchased. Upon further investigation, Officer Todd viewed security camera footage from the Walmart and was able to locate a suspect who received several fraudulently-obtained payments from Gutierrez. Officer Todd took still photographs of the suspect from the security footage and disseminated the photographs to store employees and Miami Township road patrol officers. On November 18, 2017, the suspect was apprehended by police at the same Walmart store as he attempted to accept another fraudulent payment. The suspect was identified as Chebegwen.

{¶ 3} After being arrested and advised of his rights, Chebegwen confessed to committing online fraud and collecting fraudulent wire transfer funds from Gutierrez and

several other victims. Chebegwen also admitted using a black Samsung cellular phone in the commission of the offense. Chebegwen allowed Officer Todd to view several text messages contained in the cellphone involving the receipt and dissemination of information related to the theft from Gutierrez. The police initially obtained a search warrant for Chebegwen's residence. On November 20, 2018, Officer Todd obtained a second search warrant for the black Samsung cellphone.

{¶ 4} While searching the contents of the cellphone, police uncovered evidence of the online wire fraud, as well as a video of two young children, a male and female approximately three years old, engaging in sexual activity. Additional evidence of online fraud and the minor sex video were believed to be contained in a cellphone application called "Whatsapp," which had been downloaded onto Chebegwen's cellphone. A third search warrant was obtained on February 6, 2018, to search the Whatsapp application on Chebegwen's cellphone in order to locate additional evidence related to the theft from Gutierrez and the pornographic material containing minors. The first and third search warrants are not at issue in this appeal.

{¶ 5} On December 20, 2017, Chebegwen was indicted for the following offenses: Count I, theft (by deception) (more than $1,000 but less than $7,500); Count II, pandering obscenity involving a minor (buy/possess obscene material); and Count III, pandering sexually-oriented material involving a minor (solicit/possess material). At his arraignment on December 26, 2017, Chebegwen stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 6} On January 17, 2018, Chebegwen filed a motion to suppress any physical evidence seized by the police and any statements he made after being arrested.

Chebegwen filed an amended motion to suppress on February 20, 2018. A hearing on the motion was held before the trial court on March 9, 2018. On April 9, 2018, Chebegwen filed a post-hearing brief in support of his motion to suppress. On July 31, 2018, the trial court overruled Chebegwen's motion to suppress.

{¶ 7} On February 28, 2019, Chebegwen pled no contest to all three counts in the indictment. On March 13, 2019, Chebegwen was sentenced as follows: Count I, theft, 12 months in prison; Count II, pandering obscenity involving a minor, 18 months in prison; and Count III, pandering sexually-oriented material involving a minor, 18 months in prison. The trial court ordered all the sentences to be served concurrently, for an aggregate prison term of 18 months. Chebegwen was also designated as a Tier II sex offender.

{¶ 8} It is from this judgment that Chebegwen now appeals.

{¶ 9} Chebegwen's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY FAILING TO SUPPRESS ALL EVIDENCE

OBTAINED AS A RESULT OF THE INSUFFICIENT NOVEMBER 20, 2017

SEARCH WARRANT.

{¶ 10} In his assignment of error, Chebegwen contends that the trial court erred when it overruled his motion to suppress as it related to evidence seized as a result of the November 20, 2017 search warrant, because the warrant lacked sufficient particularity and was therefore overbroad. Specifically, Chebegwen argues that the search of the cellphone should have been confined to a review of the text messages on the phone rather than a search of the entire contents of the phone.

{¶ 11} In ruling on a motion to suppress, the trial court "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate

the credibility of the witnesses." *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994); *State v. Knisley*, 2d Dist. Montgomery No. 22897, 2010-Ohio-116, ¶ 30. Accordingly, when we review suppression decisions, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Retherford* at 592. "Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *Id.*

{¶ 12} The Fourth Amendment to the U.S. Constitution and Ohio Constitution, Article I, Section 14 provide that search warrants may only be issued upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and/or things to be seized. *See also State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 11.

{¶ 13} "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *Illinois v. Gates,* 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 35. Ordinarily, "a probable cause inquiry must be confined to the four corners of the affidavit." *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d Dist.1996). In reviewing whether a search warrant has been issued upon probable cause, courts must examine the totality of the circumstances. *Jones* at ¶ 15.

{¶ 14} Trial courts and appellate courts "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area

should be resolved in favor of upholding the warrant." *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus; *Jones* at ¶ 14.

{¶ 15} Finally, the Supreme Court of the United States held that evidence obtained in violation of the Fourth Amendment by an officer acting in objectively reasonable reliance on a search warrant issued by a neutral and detached magistrate need not be excluded from state criminal prosecution. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *see also State v. Arnold*, 2d Dist. Clark No. 2016-CA-20, 2017-Ohio-559, ¶ 48.

{¶ 16} Under the Fourth Amendment to the United States Constitution, no warrants shall issue except those "* * * particularly describing * * * the things to be seized." Section 14, Article I of the Ohio Constitution is nearly identical to the Fourth Amendment in its language, and "its protections are coextensive with its federal counterpart." (Citation omitted.) *State v. Kinney*, 83 Ohio St.3d 85, 87, 698 N.E.2d 49 (1998); *State v. Hale*, 2d Dist. Montgomery No. 23582, 2010-Ohio-2389, ¶ 42.

{¶ 17} "In search and seizure cases where a warrant is involved, the requisite specificity necessary therein usually varies with the nature of the items to be seized. Where, as here, the items are evidence or instrumentalities of a crime, it appears that the key inquiry is whether the warrants could reasonably have described the items more precisely than they did." *State v. Benner*, 40 Ohio St.3d 301, 307, 533 N.E.2d 701 (1988), citing LaFave, Search and Seizure: A Treatise on the Fourth Amendment 104-105, Section 4.6(d) (1978), *abrogated on other grounds by Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Catchall provisions of warrants also " 'must be read in conjunction with the list of particularly described items which preceded it pertaining

to the crimes alleged.' " (Citation omitted.) *State v. Dillard*, 173 Ohio App.3d 373, 2007-Ohio-5651, 878 N.E.2d 694, ¶ 43.

{¶ 18} "When courts consider the overbreadth of search warrants, they do not apply a deferential standard of review. Instead, the standard of review is de novo." *Hale* at ¶ 70.

{¶ 19} "Not all broad and generic descriptions of things to be seized are invalid under the Fourth Amendment. A broad and generic description is valid if it 'is as specific as circumstances and nature of the activity under investigation permit' and enables the searchers to identify what they are authorized to seize." *Id.* at ¶ 71, citing *State v. Armstead*, 9th Dist. Medina No. 06CA0050-M, 2007-Ohio-1898, ¶ 10.

{¶ 20} In the instant case, the search warrant for the cellphone issued on November 20, 2017, stated in pertinent part:

WHEREAS, there appeared personally before me one Officer Shawn Todd and swore to the facts set forth in an Affidavit on file with the trial court in this matter.

WHEREAS, I find from said affidavit that there is probable cause to believe:

I. That in the Township of Miami, Montgomery County, Ohio, the following criminal offense(s) have occurred: Theft, 2913.02 (A)(3)

II. That the following described items of property are connected with the commission of said offense(s):

(1) black Samsung cellular phone owned by Clouvis Chebegwen.

III. That said items of property are concealed either:

A. Upon the person(s) of:

B. The listed vehicle(s):

C. The listed place(s): Miami Township Police Department, 2660 Lyons Road, Miami Township, Montgomery County, OH 45342.

{¶ 21} As previously stated, in the affidavit in support of this search warrant, Officer Todd, the affiant, stated that Chebegwen confessed to committing online fraud and collecting fraudulent wire transfer funds from Gutierrez and several other victims. Chebegwen also admitted using a black Samsung cellular phone in the commission of the offense. Chebegwen allowed Officer Todd to view several text messages contained in the black cellphone involving the receipt and dissemination of information related to the theft from Gutierrez.

{¶ 22} Upon review, we conclude that the November 20, 2017 search warrant was sufficiently particular, as it permitted the police to search the contents of the black Samsung cellphone owned by Chebegwen for evidence of the crime of theft, in violation of R.C. 2913.02(A)(3). Chebegwen argues that the search of the cellphone should have been limited to a review of the text messages contained in the device. However, the search warrant contained a subject matter limitation which limited the police to searching the cellphone for evidence of the crime of theft, which we have held to be sufficiently particular. *See State v. Maranger*, 2018-Ohio-1425, 110 N.E.3d 895, ¶ 47 (2d Dist.) (the search was limited to items related to the specified offenses, which were child sex offenses for which defendant was under investigation in Wisconsin and sexually violent predator specifications in Ohio; the warrant did not authorize intrusion into unrelated matters, and therefore was found to be sufficiently particular.)

{¶ 23} In the instant case, the search warrant provided sufficient guidance to

Officer Todd to search solely for evidence of the crime of theft. "[I]t is only where such terms are not limited by time or subject matter that the warrant will be held invalid." *State v. McCroy*, 6th Dist. Wood Nos. WD-09-074 and WD-09-090, 2011-Ohio-546, ¶ 41. During the search of the cellphone for evidence of theft, the police inadvertently discovered the video of minors engaged in sexual activity. Moreover, even if a search warrant includes broad categories of items to be seized, it "may nevertheless be valid when the description is 'as specific as the circumstances and the nature of the activity under investigation permit.' " *Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, at ¶ 80.

{¶ 24} The circumstances in the instant case suggest that information or evidence of Chebegwen's theft offense could have been contained in functions of the cellphone other than the text messages. Chebegwen admitted to Officer Todd to conducting an online Craigslist scam utilizing the black Samsung cellphone to perpetrate the fraud against multiple victims, including Gutierrez. It was entirely possible that evidence of Chebegwen's theft offense could have been preserved in other areas of the cellphone, not limited to the text messages. "Unlike a physical object that can be immediately identified as responsive to the warrant or not, computer files may be manipulated to hide their true contents." *McCroy* at ¶ 45, citing *United States v. Mann*, 592 F.3d 779, 782 (7th Cir.2010). "[T]here may be no practical substitute for actually looking in many (perhaps all) folders and sometimes at the documents contained within those folders, and that is true whether the search is of computer files or physical files." *United States v. Burgess*, 576 F.3d 1078, 1094-1095 (10th Cir.2009) (upholding a warrant to search "all computer records" for evidence of drug trafficking). The same applies to cell phones, devices that

the United States Supreme Court has described as nothing more than "minicomputers that also happen to have the capacity to be used as a telephone." *Riley v. California*, 573 U.S. 373, 394, 134 S.Ct. 2473,189 L.Ed.2d 430.

{¶ 25} In assessing whether a warrant meets the particularity requirement, courts must consider "whether the warrant provides sufficient information to 'guide and control' the judgment of the executing officer in what to seize," and "whether the category as specified is too broad in that it includes items that should not be seized." *Castagnola* at ¶ 79. Based upon the nature of the activity under investigation, which again, was an allegation of online theft against Chebegwen, the November 20, 2017 search warrant regarding the black Samsung cellphone met both such requirements.

{¶ 26} Even if the search warrant had failed the particularity test, the "good-faith exception" to the exclusionary rule would have applied. Under this exception, evidence is not barred where officers act in "objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate," but the warrant is "ultimately found to be unsupported by probable cause." *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph three of the syllabus, following *Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. This exception has also been applied to allow use of evidence where the warrant itself is supported by probable cause, but fails the particularity requirement. *See State v. Gritten*, 11th Dist. Portage No. 2004-P-0066, 2005-Ohio-2082, at ¶ 19-21 (concluding that a warrant was so facially deficient in terms of particularity that no reasonable officer could have believed the warrant was valid); *see also United States v. Otero*, 563 F.3d 1127, 1133-36 (10th Cir.2009) (holding that a reasonable officer could have construed the warrant as valid, despite its lack of particularity).

{¶ 27} Finally, even if the search warrant was facially lacking, the trial court could have reasonably concluded that Officer Todd had a good-faith belief that the warrant was sufficient and that the judge who approved the warrant did not simply "rubberstamp" his efforts. Accordingly, the search warrant was not so lacking in indicia of probable cause as to render unreasonable a belief in the warrant's validity.

{¶ 28} Chebegwen's assignment of error is overruled.

{¶ 29} Chebegwen's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Daniel F. Getty
Hon. Dennis J. Adkins