[Cite as *State v. Miser*, 2013-Ohio-1583.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                 :          C.A. CASE NO.    25105

v.                                         :          T.C. NO.    11CR2569

EMILY S. MISER                             :          (Criminal appeal from
                                                       Common Pleas Court)

    Defendant-Appellant               :

                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    19th    day of     April    , 2013.

. . . . . . . . . .

JOSEPH R. HABBYSHAW, Atty. Reg. No. 0089530, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 131 N. Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}    After the trial court overruled her motion to suppress, Emily Miser entered no contest pleas in two related cases before the Montgomery County Court of Common Pleas.  Miser pled to one count each of trafficking in marijuana, endangering children, receiving stolen property, and forgery.  The trial court found her guilty on each count and imposed an aggregate sentence of fifteen months of imprisonment.  Miser appeals, challenging the denial of her motion to suppress.  For the reasons that follow, the judgments of the trial court will be affirmed.

{¶ 2}    On April 22, 2011, shortly after 9:00 p.m., a Miamisburg police officer stopped a vehicle, that had exited Miser's apartment building's driveway, for headlight and taillight violations.  Both of the occupants were known to the officer to have prior convictions for drug offenses.  The officer effectuating the traffic stop called for a canine unit, and the dog alerted for drugs.  In the course of the interactions with officers at the scene of the traffic stop and at the police station, one of the occupants of the car, Eric Hill, reported that he and the other occupant of the car had just bought Methadone, Vicoden, and marijuana "from Emily Miser's residence." Miser lived at 960 E. Pearl Street, Apt. 1, in Miamisburg, the building from which the occupants had left prior to the traffic stop.  Officers had been watching that address because they had received other reports of drug trafficking at that address.

{¶ 3}    Later that night, on April 23, 2011, at 12:50 a.m., an officer requested and obtained a search warrant for Miser's apartment, based, in part, on the information provided by Hill.  The officers proceeded to the apartment.  No one answered when the officers knocked on the apartment door to execute the warrant, but the officers heard people moving around inside.  The officers forcibly entered the apartment.   Miser and two men were in

the living room; Miser's children were elsewhere in the apartment.

{¶ 4} The officers talked with Miser in and around a police cruiser outside her apartment. They told Miser that she was not going to be arrested, but they informed her of her *Miranda* rights and that she was going to be charged. She was taken to the police station, where she was again advised of her rights, and the interview continued. Miser indicated that she understood her rights, and she did not ask for a lawyer or to stop the interview. After Miser made some statements to the police, an officer took her home.

{¶ 5} In Montgomery C.P. No. 2011 CR 2569, Miser was charged with child endangerment, trafficking in marijuana, and two counts of possession of drug paraphernalia. In Montgomery C.P. No. 2011 CR 3197, she was charged with receiving stolen property and forgery. As discussed above, she filed a motion to suppress, which was overruled after a hearing. She then pled no contest to child endangering and trafficking in marijuana in Case No. 2011 CR 2569 and to receiving stolen property and forgery in Case No. 2011 CR 3197; the other counts were dismissed. She was found guilty and sentenced to an aggregate term of fifteen months.

{¶ 6} Miser raises one assignment of error on appeal.

THE ABANDONMENT OF APPELLANT'S TRIAL COUNSEL'S PURSUIT OF TESTIMONY TO SHOW MATERIAL MISREPRESENTATION IN THE AFFIDAVIT SUPPORTING THE SEARCH WARRANT OF APPELLANT'S RESIDENCE WAS INEFFECTIVE ASSISTANCE OF COUNSEL, NECESSITATING A REVERSAL OF APPELLANT'S CONVICTIONS.

{¶ 7} Miser claims that her trial counsel was ineffective in failing to more

diligently pursue an argument that there had been a material misrepresentation in the affidavit supporting the search warrant.

{¶ 8} We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.*

{¶ 9} The exchange which Miser cites as evidence of the ineffectiveness of trial counsel was as follows: On cross-examination, Miser's attorney asked one of the officers who had spoken with Hill at the police station whether the occupants of the car (Hill, in particular) had appeared to be intoxicated. The state objected, on the basis of relevance. Miser's attorney responded that statements from Hill were contained in the affidavit in support of the search warrant and, therefore, his "state of mind at that time and how that was relayed to the judge that issued the warrant [were] relevant."

{¶ 10} The trial court asked defense counsel whether the validity of the warrant was confined to the "four corners of the affidavit." The attorney agreed that it was. But she asserted that information about possible intoxication of an informant was relevant to the

officer's good faith reliance on the warrant, because the warrant was prepared and executed by the same officer. The state challenged defense counsel's argument on the basis that it suggested facts (Hill's intoxication) without any proof, citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The trial court questioned defense counsel about whether she was, in fact, asserting that there was a material misrepresentation in the affidavit; counsel responded that she was not making such an assertion, and she withdrew her question.

{¶ 11}     Miser contends that trial counsel acted ineffectively in failing to pursue this possible basis for suppression of the evidence against her.

{¶ 12}     Pursuant to *Franks,* a search violates the Fourth Amendment's prohibition on unreasonable searches if it is conducted pursuant to a warrant that is based upon an affidavit containing one or more material misrepresentations, and these misrepresentations were made knowingly or in reckless disregard for the truth. *Id*. at 171-172. "Reckless disregard" means that the affiant had serious doubts of an allegation's truth. *State v. Waddy*, 63 Ohio St.3d 424, 441, 588 N.E.2d 819 (1992), citing *United States v. Williams*, 737 F.2d 594, 602 (7th Cir.1984). Omissions count as false statements if "designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate." (Emphasis deleted.). *Id.*, citing *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir.1990). Allegations of deliberate falsehood or reckless disregard for the truth must be accompanied by an offer of proof. *Franks* at 171-172.

{¶ 13}     There is no evidence in the record that Hill was under the influence when he spoke with officers during the traffic stop outside Miser's apartment complex and

claimed to have purchased illegal drugs from her. The officers appear to have had a coherent conversation with Hill, as recounted in the affidavit. Miser's argument on appeal that "[t]he mere fact that Appellant's attorney asked the question and tried to get an answer at all indicated that she was aware of some evidence, some indication that the occupants of the vehicle had been intoxicated at the time of their interviews" is unfounded and speculative. There is simply no basis - certainly in this record - for us to conclude that defense counsel could have offered the type of proof necessary to succeed on this argument, or that she acted ineffectively in failing to do so.

{¶ 14} Furthermore, it is well established in cases addressing material misrepresentations in search warrants that "'[a] search warrant is not per se invalid upon proof of an intentional misrepresentation in the underlying affidavit.' Rather, '[t]he sufficiency of the affidavit must be determined without regard to any parts of the affidavit that are found to have been knowingly false, or made with reckless disregard for the truth.'" (Internal citations omitted.) *State v. Vance*, 2d Dist. Clark No. 96-CA-84, 1997 WL 351281, *4 (June 27, 1007), quoting *State v. Easterling*, 2d Dist. Greene No. 93-CA-38, 1994 WL 124747, * 2 (Apr. 13, 1994). *See also State v. Smith*, 117 Ohio App.3d 656, 691 N.E.2d 324 (8th Dist.1997).

{¶ 15} Thus, even assuming that Miser had been able to present evidence that the officer omitted information from his affidavit about the intoxication of an informant, and that the trial court would have found this information to be material, her motion to suppress would not have been granted unless she could also show that, with the inclusion of that information (the alleged intoxication), the affidavit would have failed to establish an

adequate basis for the issuance of the warrant. Miser has made no argument that the inclusion of such information would have been fatal to the issuance of the warrant. We cannot speculate about how the trial court would have viewed such information, but it certainly would not have compelled the conclusion, as a matter of law, that the informant's information was unreliable.

{¶ 16}    The assignment of error is overruled.

{¶ 17}    The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Joseph R. Habbyshaw
Jeffrey T. Gramza
Hon. Michael W. Krumholtz